IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, NATIONAL BROKERS OF AMERICA, INC., ALAN REDMOND,<br>and STEPHANIE MILLER<br><br>Defendants. | Civil Action No. 5:20-cv-4265<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, EUGENE SCALIA, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Defendants BENE MARKET, LLC, NATIONAL BROKERS OF AMERICA, INC., ALAN REDMOND, and STEPHANIE MILLER, (hereinafter collectively referred to as "Defendants,") from violating the provisions of Sections 6, 7, and 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant BENE MARKET, LLC ("Bene Market") is a limited liability company duly organized under the laws of the State of Delaware, having its registered office and principal

place of business as 4 South 4th Street, 4th Floor, Reading, Pennsylvania 18602, within the jurisdiction of this Court.  Defendant Bene Market is engaged in health insurance sales to and customer service for customers located outside the Commonwealth of Pennsylvania.  Defendant Bene Market has publicly advertised itself as "NBoA/Bene Markets."

3. Defendant NATIONAL BROKERS OF AMERICA, INC. ("National Brokers") is a corporation duly organized under the laws of the State of Ohio, having its registered office and principal place of business at 2525 North 12th Street, Suite 390, Reading, Pennsylvania 19605.  Defendant National Brokers was engaged in health insurance sales to and customer service for customers located outside the Commonwealth of Pennsylvania until it ceased operations in 2018.  At the time Defendant National Brokers ceased operations, Defendant Bene Market assumed control over all of the employees and business operations of Defendant National Brokers.  On or about January 20, 2019, Defendant National Brokers filed a petition to declare bankruptcy.  The petition was dismissed for failure to provide supporting documentation on April 4, 2019.  To the extent Defendant National Brokers is unable to provide adequate monetary relief for its violations of the Act due to financial insolvency, Defendant Bene Market is a successor in interest to Defendant National Brokers, and is liable for conduct of Defendant National Brokers both directly as part of a single enterprise and as a successor in interest.

4. Defendant ALAN REDMOND ("Redmond") is founder, owner, President, and Chief Executive Officer ("CEO") of Defendant Bene Market.  Defendant Redmond is founder, owner, President, and CEO of Defendant National Brokers.  Defendant Redmond resides in Reading, Pennsylvania, which is within the jurisdiction of this Court.  Redmond is responsible for hiring and firing of employees, setting pay rates, assigning work responsibilities, and for the daily operation of the business of Defendant Bene Market.  Redmond held all the same

responsibilities for Defendant National Brokers during the time that National Brokers was operational. Redmond had final authority over policies that kept employees from being paid minimum wage and overtime. Defendant Redmond regulated the employment of persons employed by Defendants Bene Market and National Brokers, acted directly and indirectly in the companies' interest in relation to the employees, and is and was an employer of said employees within the meaning of Section 3(d) of the Act.

5.     Defendant STEPHANIE MILLER is an owner and Chief Financial Officer ("CFO") of Defendant Bene Market and CFO of Defendant National Brokers. She resides in Gettysburg, Pennsylvania, which is within the jurisdiction of this Court. Defendant Miller is responsible for setting pay rates and preparing payroll for and has control over payroll records of Defendants Bene Market and National Brokers. Defendant Miller was jointly responsible for creating and implementing policies that kept employees from being paid minimum wage and overtime. Defendant Miller has actively supervised and directed employment practices, has acted directly or indirectly in the interest of Defendants Bene Market and National Brokers in relation to their employees at all times relevant herein, and is and was an employer of said employees within the meaning of Section 3(d) of the Act.

6.     Defendants' business activities, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

7.     Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on products, goods or materials that have been moved in or produced for commerce, such as health insurance. The

enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

        8.      Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by paying many of their employees employed as salespeople and customer service staff in an enterprise engaged in commerce or in the production of goods for commerce at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act.  Therefore, Defendants are liable for unpaid minimum wages under Section 17 of the Act.  Defendants paid employees what it characterized as a "day rate" which, when divided by hours worked, resulted in an hourly rate less than the minimum rate for several employees.

        9.      Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing many of their employees employed as salespeople and customer service staff in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.  Therefore, said Defendants are liable for the payment of unpaid overtime compensation under Section 17 of the Act.

       10.      Defendants Redmond and National Brokers were subject of a previous investigation by the Department of Labor's Wage and Hour Division.  The investigation dealt with complaints that Redmond and National Brokers failed to comply with the requirements of Section 7 of the Act by failing to pay proper compensation for overtime work.  On or about April 20, 2016, Defendant Redmond represented on behalf of himself and Defendant National Brokers that he would comply with the requirements of Section 7 of the Act by compensating employees

at rates not less than one and a half times their regular rate for overtime hours worked. Defendant Miller had direct knowledge of this investigation and its outcome as CFO of Defendant National Brokers.

11. Following this investigation, and in spite of direct notice of the requirements of the Act, Defendants routinely required workers to perform fifty hours of work in a week, but failed to pay any of its workers the overtime premium of one and one half times the regular rate for hours worked in excess of forty hours.

12. Defendants willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.  Defendants failed to keep accurate records of hours worked by and wages due to many of their employees. For example, Defendants failed to keep records of the actual times at which employees started working or stopped working.  Thus, Defendants failed to maintain accurate records regarding hours worked and wages owed for all employees.

13. Since at least March 1, 2016, Defendants have willfully violated the provisions of the Act as alleged in paragraphs 8 through 12 above.  A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

14. As a result of the violations alleged in paragraphs 8 through 12 above, back wages and an equal amount of liquidated damages are owed to Defendants' current and former employees, including the persons specifically listed in the attached Schedule A to the Secretary's Complaint.

15. A judgment granting recovery of said amounts is specifically authorized by Sections 16(c) and 17 of the Act.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period March 1, 2016 through at least June 6, 2020, and for an equal amount due to Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees listed in the attached Schedule A for violations continuing after June 6, 2020, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or;

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the

underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands that all eligible claims be tried before a jury.

Respectfully submitted,

For the Secretary:

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

By:/s/Alexander Gosfield
Alexander E. Gosfield
Trial Attorney
PA ID # 209537
Office of the Solicitor, Region III
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
215-861-5124
215-861-5162 (fax)
Gosfield.alexander.e@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff