## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILTON AL STEWART,[1]<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br><br>BENE MARKET, LLC, NATIONAL BROKERS OF<br>AMERICA, INC., ALAN REDMOND,<br>and STEPHANIE MILLER<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.  5:20-cv-04265<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S MOTION TO COMPEL

On February 10, 2021, the parties had a conference call with the Court to discuss Defendants' failure to respond to Plaintiff's discovery requests and failure to provide complete disclosures, as required by Fed. R. Civ. P. 26(a).  At that time, the Court instructed Plaintiff to file a proposed order with the Court if Defendants failed to provide responsive answers by the end of the day on Friday, February 12, 2021, the date by which Defendants had committed to respond.  Defendants failed to provide responsive answers by that date.  As detailed below, this failure is consistent with Defendants' pattern in this case of completely ignoring deadlines set by this Court and ignoring their discovery obligations in general.  Accordingly, Plaintiff files this Motion to Compel and asks the Court to impose sanctions if Defendants do not serve responsive answers to discovery and amended disclosures within fourteen (14) days.

---

[1] Pursuant to Fed. R. Civ. P. 25(d) Acting Secretary Stewart is being substituted for former Secretary Scalia.

**Defendants Incomplete Rule 26(a) Disclosures:**

1.      Plaintiff filed the Complaint in this matter on August 31, 2020.  Pursuant to the Court's Order dated October 1, 2020, the parties were required to exchange their initial disclosures on or before October 21, 2020.  Defendants failed to provide disclosures by that date.

2.      During a telephone conversation with defense counsel on December 23, 2020, Plaintiff's counsel informed Mr. Bambrick, Defendants' counsel, that Defendants' initial disclosures were overdue.  The parties agreed that Defendants would serve their 26(a) disclosures on or before January 4, 2021.  However, on January 4, Mr. Bambrick's office forwarded an unsigned email from Defendants' non-party accountant in lieu of mandatory disclosures from the parties.  The email, which was addressed to Mr. Bambrick, stated that information regarding Bene Market, LLC employees would need to be obtained from Alan Redmond—one of the named Defendants in this matter  who is represented by Mr. Bambrick. (Exhibit A).  Thus, Defendants' counsel appeared to be taking the odd position that he could not produce information in the possession of his own client.

3.      On January 11, 2021, Plaintiff's counsel sent Defendants a detailed deficiency letter (attached as Exhibit B) regarding Defendants' failure to comply with the requirements of Fed. R. Civ. P. 26(a).  In response, on January 12, 2021, prior to the parties' status conference with the Court, counsel for Defendants served a copy of the same email signed by Mr. Bambrick without correcting any of the deficiencies noted in Plaintiff's deficiency letter—such as the failure to provide contact information for witnesses, or to identify the subject matter about which said witnesses had knowledge (Exhibit C).

4.    In Plaintiff's second deficiency letter dated February 3, 2021, Plaintiff again addressed Defendants' inadequate initial disclosures, as well as Defendants' failure to participate in discovery, which is discussed in greater detail below (Exhibit D).

5.    In subsequent telephone conversations with Mr. Bambrick, defense counsel committed to providing the necessary information currently missing from Defendants' initial disclosures.  However, to date Defendants' disclosures remain deficient.

**Defendants' Failure to Respond to Plaintiff's Discovery Requests**

6.    Plaintiff served Defendants with discovery requests on December 21, 2020. Defendants' responses were due on January 20, 2021.  On January 20, defense counsel emailed to inquire when Defendants' discovery responses were due, and Plaintiff's counsel replied that they were due that day.  The following day, in lieu of producing responses to Plaintiff's Request for Admissions, Interrogatories, and Document Requests, counsel simply forwarded a letter from Defendants' accountant stating he was too busy during tax season and as a result of Covid-19 to respond to Mr. Bambrick's requests.  No written responses from the parties were served and Defendants did not request an extension of the deadline.

7.    Plaintiff's counsel served Defendants with a second deficiency letter addressing Defendants' refusal to participate in discovery and their incomplete initial disclosures, on February 3, 2021 (Exhibit D).  In a call with Mr. Bambrick on February 4, 2021, Plaintiff's counsel informed Mr. Bambrick that, pursuant to Fed. R. Civ. P. 36(a)(3), Plaintiff's Request for Admissions were now deemed admitted, as a result of Defendants' failure to respond within 30 days.  The following morning, defense counsel served late and unsigned responses to Plaintiff's Request for Admissions in an excel spreadsheet.  Defendants did not respond to Plaintiff's interrogatories and document requests.

8.      The parties agreed to have a call with the Court to request an extension of the fact discovery deadline and to discuss Defendants' failure to provide complete initial disclosures or to respond in good faith to Plaintiff's discovery requests.  The call was scheduled for February 10, 2021.

9.      In an email dated February 8, 2021, Defense counsel stated "I spoke to my client today.  The accountant has had his office closed for 3 weeks due to C-19.  We will have everything for you by Fri. Do you want to continue the phone conference with the Judge?"  (Exhibit E).  In her emailed response, Plaintiff's counsel asked what it was that she should be expecting to receive from Defendants on Friday, confirmed that she did want to go ahead with the call with the Court, and again reminded Mr. Bambrick that pursuant to Fed. R. Civ. P. 36(a)(3), Plaintiff's Request for Admissions were now deemed admitted as a result of Defendants' failure to respond within 30 days (Exhibit E).

10.      The parties participated in a call with the Court regarding Defendants' failure to provide complete 26(a) disclosures or to respond in good faith to Plaintiff's discovery requests, at which time Mr. Bambrick committed to addressing these deficiencies no later than Friday, February 12, 2021.  The Court extended the deadline for the parties to complete fact discovery from February 26, 2021 to April 16, 2021, so that Plaintiff would receive Defendants' discovery responses in advance of taking depositions.[2]  The Court also stated that if Defendants failed to provide the promised information and discovery responses by Friday, February 12, 2021, Plaintiff's counsel should file a proposed order detailing exactly what Plaintiff was seeking and

---

[2] Plaintiff was forced to cancel depositions previously scheduled during the last two weeks of February as a result of Defendants' failure to respond to discovery requests, failure to name the "HR person" identified as a potential witness in Defendants' initial disclosures, and failure to provide last know addresses for witnesses listed in their initial disclosures.

stating that if said responses were not provided within fourteen days of the order, sanctions would be imposed.

11.     On February 12, 2021, Mr. Bambrick forwarded to Plaintiff's counsel only a fourteen page document prepared by Defendants' accountant entitled "Wage Transcription for DOL 2-11-21" which contained back wage computations for a small number of employees. Defendants did not serve signed responses to Plaintiff's interrogatories and document requests, did not produce the documents responsive to Plaintiff's requests, and did not provide initial disclosures that comply with Fed. R. Civ. P. 26(a).

**Relief Sought**

1.     Defendants must produce signed, responsive answers to Plaintiff's interrogatories and document requests within fourteen days.

2.     Defendants must produce all documents responsive to Plaintiff's request for production of documents within fourteen days.

3.     Defendants must update their initial disclosures to provide the information required by Fed. R. Civ. P. 26(a), including but not limited to identifying the unnamed "HR person" listed in their initial disclosures, providing the last known contact information for all witnesses listed in their disclosures, and specifying the subject matter about which said witnesses have knowledge.  Defendants will amend their initial disclosures within fourteen days.

4.     Pursuant to Fed. R. Civ. P. 36(a)(3), Defendants' untimely responses to Plaintiff's request for admissions are deemed admitted.

In the event that Defendants fail to provide the above-listed information and responses within fourteen days, Plaintiff respectfully requests that default be entered against Defendants as a

sanction for their failure to abide by the orders of this Court and participate in discovery in good faith.

Respectfully submitted,

|  |  |
|---|---|
|  | Elena Goldstein |
|  | Deputy Solicitor of Labor |
| Post Office Address: | */s/ Jennifer L. Bluer* |
|  | Jennifer Bluer |
| Oscar L. Hampton III | Trial Attorney |
| Regional Solicitor | bluer.jennifer.l@dol.gov |
| Office of the Solicitor | (215) 861-5146 |
| U.S. Department of Labor |  |
| 1835 Market Street | U.S. DEPARTMENT OF LABOR |
| Philadelphia, PA 19103 | Attorneys for Plaintiff |
| Fax: (215) 861-5162 |  |

6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2021, I electronically filed a true and correct copy of the foregoing *Plaintiff's Motion to Compel* via the Court's CM/ECF system.  Notice of this filing will be sent to all counsel of record by the operation of the Court's electronic filing system, and the parties may access this filing system through the Court's system.  A courtesy copy was also served via electronic mail to the following:

Joseph Bambrick Jr., Esquire
no1jtb@aol.com

*/s/ Jennifer L. Bluer*
By: Jennifer L. Bluer
Senior Trial Attorney

8