**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MILTON AL STEWART,[1]<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>                    Plaintiff,<br><br>         v.<br><br><br>BENE MARKET, LLC, NATIONAL BROKERS OF<br>AMERICA, INC., ALAN REDMOND,<br>and STEPHANIE MILLER<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  5:20-cv-04265<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENSE COUNSEL'S
MOTION TO WITHDRAW AS COUNSEL**

Plaintiff, Secretary of Labor, U.S. Department of Labor (the "Secretary") files this Opposition to Defendants' Motion to Withdraw as Counsel. (ECF No. 17, "Defendants' Motion"). Plaintiff objects to Defendants' Motion.   If Defendants' counsel withdraws now, Defendants Bene Market, LLC and National Brokers of America, Inc., both corporations, would be unrepresented in this matter, which is not permitted.   This would delay this litigation and unnecessarily prejudice Plaintiff and the employees who are owed back wages.  This delay is particularly problematic because Defendants' discovery responses are already deficient. Defendants' counsel should not be permitted to withdrawal until substitute counsel has been retained.

---

[1] Pursuant to Fed. R. Civ. P. 25(d) Acting Secretary Stewart is being substituted for former Secretary Scalia.

The law is clear that a corporation must be represented by counsel in federal court. "It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. Bank of the U.S.*, 22 U.S. 738, 830 (1924)). While the individually named defendants may represent themselves *pro se*, neither Defendant Alan Redmond nor Defendant Stephanie Miller may represent Bene Market, LLC or National Brokers of America, Inc. in this litigation, even as owners and officers of the corporations. *Simbraw v. United States*, 367 F.2d 373, 374 (3d Cir. 1966) (holding that only an attorney can represent a corporation in litigation, and not its non-attorney corporate officer); *De Lage Landen Fin. Servs., Inc. v. Picasso Aesthetic & Cosmetic Dental Spa, P.A.*, 2015 WL 1379914, at *1, fn. 1 (E.D. Pa. Mar. 25, 2015) (non-attorney individual defendant can represent himself *pro se*, but cannot represent the corporation he owns). Defendants' Motion, if granted, would leave the corporations unrepresented. *See e.g.* Judge Beetlestone's order denying defense counsel's motion to withdraw in *Central Laundry II,* 2:18-cv-00190-WB (attached as Exhibit A).

Defendants have already failed to participate in good faith in discovery, and granting defense counsel's Motion to Withdraw will further enable defendants to evade their responsibility to provide timely discovery responses. On December 21, 2020, the Secretary served interrogatories, document requests, and requests for admissions on Defendants. Defendants' responses to the Secretary's discovery were due by Thursday, January 20, 2021. Defendants did not serve any responses or objections to Plaintiff's discovery requests. Because of Defendants' refusal to participate in discovery, Plaintiff was forced to cancel the depositions noticed for February 17, 19, and 22. Defendants' failure to provide complete initial disclosures

and to respond to Plaintiff's discovery requests also meant Plaintiff could not identify and subpoena for deposition witnesses believed to have information relevant to this litigation. As detailed in Plaintiff's Motion to Compel, which is pending before the Court, counsel for Plaintiff has sent defense counsel two deficiency letters regarding Defendants' deficient initial disclosures and their failure to participate in discovery, participated in calls with opposing counsel, and participated in a call with the Court regarding these issues. (*See* ECF 16). To date, Defendants have not responded to Plaintiff's Motion to Compel, and instead opposing counsel filed the present motion.

Defendants' Motion, if granted, would inevitably delay this litigation while the corporate defendants attempted to retain new counsel. This would further delay Defendants' already tardy responses to discovery, the scheduling of depositions and the identification and subpoenaing of non-party witnesses, and the overall progression of this litigation to summary judgment and (if necessary) trial. Such a delay will significantly prejudice Defendants' employees who are still without the back wages and damages owed to them as a result of Defendants' violations. Counsel therefore should not be permitted to withdrawal until Defendants -- and in particular the corporate Defendants -- obtain new counsel. Therefore, Plaintiff respectfully requests that the Court deny Defendants' Motion to Withdraw as Counsel.

Respectfully submitted,

3

Elena Goldstein
Deputy Solicitor of Labor

Post Office Address:

Oscar L. Hampton III
Regional Solicitor
Office of the Solicitor
U.S. Department of Labor
1835 Market Street
Philadelphia, PA 19103
Fax: (215) 861-5162

*/s/ Jennifer L. Bluer*
Jennifer Bluer
Trial Attorney
bluer.jennifer.l@dol.gov
(215) 861-5146

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2021, I electronically filed a true and correct copy of the foregoing *Plaintiff's Opposition to Defense Counsel's Motion to Withdraw as Counsel* via the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by the operation of the Court's electronic filing system, and the parties may access this filing system through the Court's system. A courtesy copy was also served via electronic mail to the following:

Joseph Bambrick Jr., Esquire
no1jtb@aol.com

*/s/ Jennifer L. Bluer*
By: Jennifer L. Bluer
Senior Trial Attorney