IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.  5:20-cv-04265 |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| BENE MARKET, LLC, NATIONAL BROKERS OF AMERICA, INC., ALAN REDMOND, and STEPHANIE MILLER | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR COSTS AND OTHER SANCTIONS**

Pursuant to the Court's May 11, 2021 Order, Plaintiff avers that Defendants have again willfully ignored their obligation to participate in discovery in good faith and moves for costs and sanctions.  Plaintiff petitions the court to enter default judgement against Defendants and to award costs to the Department of Labor ("DOL").  In the alternative, Plaintiff asks that this Court bar Defendants from raising any affirmative defenses or offering any evidence, and again asks that costs be awarded to Plaintiff.

**I.    Statement of Facts**

1.    Plaintiff served Defendants with discovery requests on December 21, 2020. Defendants' responses were due on January 20, 2021.  As detailed in Plaintiff's Motion to Compel (ECF 16), Plaintiff's counsel conducted numerous calls and served two deficiency letters upon Defendants' prior counsel, to no avail.  As a result of Defendants' refusal to respond to discovery, Depositions scheduled for the beginning of February had to be canceled.

2.    On February 19, Plaintiff filed a Motion to Compel (ECF 16), in which Plaintiff requested that Defendants respond to Plaintiff's discovery requests and update their disclosures

within fourteen days.  In lieu of a response, prior defense counsel filed a Motion to Withdraw (ECF 17).  Defendants' present counsel entered his appearance shortly thereafter (ECF 20, 22).

3.    The parties rescheduled depositions originally scheduled for February to April 13-16, 2021, to give Defendants' new counsel time to respond to discovery prior to the depositions.

4.    During a conference call on April 1, 2021, the Court ordered the parties to submit a status update via email on April 6, at which time the parties requested that the discovery deadline in the case be extended to May 7, based upon Mr. Rush's representation that he would serve all outstanding written discovery responses by April 7 and produce all outstanding documents by April 9, 2021.  The depositions scheduled for April 13 through 16 were postponed by another two weeks, based upon defense counsel's representation.

5.    Defendants again failed to honor the amended deadline set for their discovery responses.  On April 7, 2021, Defendants served amended interrogatory responses and written responses to Plaintiff's document requests, but did not produce any documents until April 23, at which time Defendant produced some tax returns and valuation reports for Bene Market but very little else.  Defendant Miller also served her interrogatory responses on that date.

6.    Plaintiff went forward with the depositions of Defendants Alan Redmond and Stephanie Miller on April 28 and 29, and with the depositions of Defendants' two accountants on May 4 and 5, despite Defendants' failure to produce documents requested in discovery.  The deposition of John Sardella in particular was an ardous process, with the deposition being stopped a number of times so that the witness could email Plaintiff's counsel examples of documents that Defendants send to the accountants on a biweekly basis to produce their payroll—documents Defendants have thus far failed to produce in discovery.  Plaintiff was unable to conduct the 30(b)(6) deposition scheduled for May 6, because Defendants failed to

2

produce a person or persons competent to testify to each subject identified on the notice (*see* ECF 28). The remaining depositions were rescheduled due to the witnesses' illness (ECF 28).

7. On May 6, 2021, Defendants filed a Motion to Extend the Time to Complete Discovery to June 6. In their Motion, Defendants committed to producing all outstanding documents no later than May 12, and agreed that Plaintiff could file for costs and other sanctions to be considered by the court if they failed to do so. On May 19, 2021, Plaintiff's counsel notified defense counsel that she would be filing such a motion, based upon Defendants' failure to produce any additional documents by the May 12th deadline. Defense counsel responded by producing several documents throughout the day; however, the parties learned during depositions that some larger documents that Defendants attempted to send were not received by Plaintiff. It is difficult to say exactly what documents Defendants sent, because they were not produced in an organized fashion and Defendants did not identify what documents they produced.

8. Despite the confusion over which documents Defendants attempted to belatedly produce, the parties agree that Defendants have not produced the following: (1) time records; (2) sign-in sheets; (3) payroll spreadsheets submitted to Defendants' accountants; (4) paystubs; (5) employee handbooks; (6) job offers for all Bene Market employees; (6) HR Bamboo records used to prepare payroll; (7) documents in the possession of Defendants' accountants.

9. During the 30(b)(6) deposition, Plaintiff again was forced to ask the witness to email examples of documents about which she was testifying (payroll spreadsheets), because the documents had not been produced by Defendants in discovery. Defendants also failed to produce a witness competent to testify to all topics identified in the 30(b)(6) notice during the June 3 deposition. Defendants have agreed to produce an additional two witnesses to address the topics that were not covered, and to pay for the additional days of deposition.

## II.       Relief Sought—Costs and Additional Sanctions

### a.   Costs

The Office of the Solicitor does not calculate an hourly rate for its attorneys, however, Community Legal Services ("CLS") publishes a chart that it uses in cases where it can claim attorney's fees from opposing parties.[1]  CLS seeks a rate of $375-$450 for attorneys with 11-15 years of experience.  I have almost twelve years' experience litigating cases in federal district court and before administrative tribunals on behalf of the DOL, with three-and-a-half of those years as a senior trial attorney.  I estimate that I have spent approximately twenty hours addressing Defendants' discovery deficiencies, including calls to defense counsel, drafting deficiency letters and motions, and rescheduling depositions as a result of Defendants' failure to comply with the Court's deadlines.  As such, Plaintiff seeks the award of $9,000 in costs.

### b.   Additional Sanctions are Warranted, including Entry of Default Judgement

The Third Circuit requires that a district court consider the six *Poulis* factors when considering dismissal of a case for failure to respond to discovery.  *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (citations omitted).  Those factors are as follows:  (1) the extent of the party 's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d. Cir. 1984).

During his depositions on April 28 and June 4, Defendant Alan Redmond acknowledged the existence of the documents that Plaintiff seeks, such as time records, payroll records,

---

[1] *See* Attorney Fees - Community Legal Services (clsphila.org)

employee handbooks, job offer letters stating pay rates, and pay stubs.  Mr. Redmond intimated that some of these documents could be produced fairly quickly, within days, yet none have been produced.  It is within Defendants control to produce these documents, yet Defendants choose not to.  Defendants' refusal to meet their discovery obligations has prejudiced Plaintiff's ability to prosecute this case.  Depositions have been rescheduled multiple times and eventually went forward without the requested information.  Plaintiff's counsel has even asked witnesses to email sample documents to her during depositions to circumvent Defendant's dilatoriness.

Defendants have repeatedly alleged that it was their prior counsel's failure that resulted in their inadequate discovery responses.  However, it is now clear that Defendants have willfully refused to participate in discovery in good faith.  Despite agreeing to costs and other sanctions should they fail to meet the May 12 deadline that Defendants themselves selected, Defendants have failed to produce the documents most pertinent to this case, such as time records, payroll records, pay stubs, and job offers.  It is clear that no sanction short of an entry of default will be effective, since Defendants defy the orders of this Court on a regular basis.  Moreover, since Defendants' only defense to this case is that the payroll records produced during the Department of Labor's investigation were "internal work product" and not accurate payroll records, Plaintiff will undoubtedly prevail on the merits in this matter should this case go to trial.  As such, Plaintiff respectfully requests that default judgement be entered against Defendants, as initially sought in Plaintiff's February 19, 2021 Motion to Compel (ECF 16).

If the Court is unwilling to enter default judgement, Plaintiff asks as an alternative that Defendants be prevented from raising any affirmative defenses or offering any evidence at trial.

Respectfully submitted,

Elena Goldstein
Deputy Solicitor of Labor

Post Office Address:                         /s/ Jennifer L. Bluer
                                            Jennifer Bluer
Oscar L. Hampton III                        Trial Attorney
Regional Solicitor                          bluer.jennifer.l@dol.gov
Office of the Solicitor                      (215) 861-5146
U.S. Department of Labor
1835 Market Street                          U.S. DEPARTMENT OF LABOR
Philadelphia, PA 19103                       Attorneys for Plaintiff
Fax: (215) 861-5162

6