IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR UNITED STATES DEPARTMENT OF LABOR, | ) ) ) | |
| Plaintiff, | ) | Civil Action No.  5:20-cv-04265 |
| | ) | |
| v. | ) | |
| | ) | |
| BENE MARKET, LLC, NATIONAL BROKERS OF AMERICA, INC., ALAN REDMOND, and STEPHANIE MILLER | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION FOR SANCTIONS**

Defendants, Bene Market, LLC, National Brokers of America, Inc., Alan Redmond, and

Stephanie Miller (collectively "Defendants"), by and through their undersigned counsel,

respectfully oppose Plaintiff's Second Motion for Sanctions and request for entry of judgment as

such an extreme sanction is unwarranted on the facts of this case, particularly given that

Defendants have a defense on the merits.

## I.      PRELIMINARY STATEMENT

The simple issue at hand is that Plaintiff sought production of additional categories of

documents during the course of discovery.  Some of those documents were apparently produced

earlier in the case, and the recently retained undersigned counsel is analyzing the prior production

against Plaintiff's requests to identify any gaps.  Yesterday, Defendants produced over 10,000

pages of paycheck registers, pay stubs, and payroll emails spanning back to 2016.  With the

assistance of undersigned counsel, Defendants are working to gather time reports from the Bamboo

HR system (which Defendants' accountant used to run the payroll), reports from Defendants' Five9 call system, bonus memoranda, and the requested materials from personnel files. Those efforts are ongoing and apace. Undersigned counsel understands that, through prior counsel, Defendants produced over 100,000 pages of requested documents in the action already.

Given: (1) the ongoing good faith effort made to remedy any discovery deficiencies; (2) that Plaintiff appears to have some of the outstanding materials (and to have referenced some of these materials to prepare the pending motion); and (3) that Defendants appear to have a substantive defense to Plaintiff's allegations, Plaintiff's request for a default judgment is unwarranted and inappropriate. Defendants stand ready to pay the $2,500 initial sanction, and respectfully suggest that any other monetary sanction should await a gap analysis of what materials remain outstanding.

## II.    COUNTERSTATEMENT OF FACTS

As Plaintiff readily acknowledges, Defendants have already produced documents in this case. (ECF 44, pp. 2, 4). On April 23, 2021, Defendants made their initial document production constating of tax returns, valuation reports, and other responsive documents. (*Id.* at p. 2). Defendants then made two supplemental document productions on June 22, 2021 and June 29, 2021. (*Id.* at p. 4). All told, prior to Plaintiff even filing this Motion, Defendants produced in excess of 100,000 pages of responsive discovery.

Admittedly, as of the filing this Motion, Defendants still had not produced *all* the documents identified in Plaintiff's document requests. Those efforts are under way, as demonstrated by the recent production of payroll and pay stub records.

At no point, however, did Defendants deny that they owed Plaintiff additional documents or otherwise attempt to shirk their discovery obligations. Defendants have consistently maintained

that, due in part to the complexity of this case and challenges facing the litigants, more time was needed before additional documents could be produced beyond the 100,000 pages that Defendants had already produced. For example, in response to Plaintiff's First Motion for Sanctions, filed June 9, 2021, Defendants explained that:

> Some [of the requested documents] required substantial time and effort to locate for a variety of reasons, including location, the different corporate entities involved, and high employee/executive turnover over the five year period involved. . . . Defendants continue to produce document discovery as quickly as possible. . . . The task is daunting and covers two businesses, multiple technological platforms, three locations, hundreds of individuals, is occurring contemporaneously with at least three active lawsuits in Pennsylvania alone, and is occurring while a highly active business is attempting to stay afloat. The discovery is taking a substantial amount of time, but Defendants are acting in good faith and as best they can to produce the documents requested. working as fast as possible to provide these documents period involved.

(ECF 34, pp 3-4). Defendants did not even contest the fee portion of the relief requested by Plaintiff in its First Motion for Sanctions. (*Id.* at p. 3). Unfortunately, however, due to the complexity of this case, the broad scope of the documents at issue, and challenges facing the business, Defendants' production of the remaining outstanding documents was delayed longer than anticipated.

Adding to the challenges already posed by the complexity of discovery in this case, Defendants initially relied on their accounting and payroll firm to interface with Plaintiff for purposes of gathering and providing the pay records and related materials sought by Plaintiff. Delegating this task to non-attorney professionals was a mistake, though the accountants provided some pertinent materials and questioned whether Plaintiff correctly calculated the compensation to the subject personnel.

Defendants retained undersigned counsel of Fox Rothschild LLP, who entered their appearance on December 23, 2021. On that same day, Defendants' counsel requested

2

Plaintiff's consent to Defendants' request that the Court adjourn the status conference that, at the time, was scheduled for December 29, 2021. Adjournment was necessary to allow new counsel to orient to the case, especially given the complexity of the pending discovery issues. Plaintiff did not oppose the adjournment request, but declined to join in it, and instead filed its Second Motion for Sanctions on that same evening.

Upon entering their appearance, Defendants' new counsel sprang into action to immediately begin reviewing the voluminous documents that Defendants' professionals had already compiled. On January 12, 2022, Defendants produced over 10,000 pages of responsive documents, consisting of detailed paycheck records from 2016 through 2021 and spreadsheets/payroll data sent to accountants from 2016 through 2021. Thus, all told, Defendants have produced in excess of 110,000 pages of documents to date. Defendants' counsel plans to continue working towards fulfilling Defendants' discovery obligations in the coming weeks and to identify and close any remaining gaps.

## III.    ARGUMENT

### A.  Standard for the Imposition of Sanctions.

Federal Rule of Civil Procedure 37 (b)(2)(A) provides that "[i]f a party. . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The Rule allows a range of sanctions for a party's non-compliance with discovery obligations, however "[a] trial court should avail itself of its inherent sanctioning power only when absolutely necessary." *Klein v. Stahl GMBH & Co.*, 185 F.3d 98, 109 (3d Cir. Pa. 1999); s*ee also Bartos v. Pennsylvania*, No. CIV.1:08-CV-0366, 2010 WL 1816674, at *6 (M.D. Pa. May 5, 2010) (noting that "sanctions should always be narrowly tailored to meet the misconduct, and should entail no

greater punishment than is reasonably necessary to address the specific wrongdoing that confronts the court") (citing *Klein*, 185 F.3d 98 (3d. Cir. 1999).

The Third Circuit has set out a test to determine whether the extreme sanction of default judgment is appropriate. *Poulis v. State Farm and Fire Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984). *Poulis* establishes six factors to consider when deciding whether to enter default judgment as a sanction: (1) whether the attorney's or party's conduct was willful or in bad faith; (2) a history of dilatoriness; (3) prejudice to the other party; (4) the extent of the party's personal responsibility; (5) appropriateness of alternative sanctions; and (6) meritoriousness of the claim (i.e., whether the allegations in the pleadings support recovery. *Id.* at 868; *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1148 (3d Cir. 1990).

Default judgment is a sanction of last resort. *Cassell v. Philadelphia Maint. Co.*, 198 F.R.D. 67, 70 (E.D. Pa. 2000) ("we consider the effectiveness of alternative sanctions inasmuch as a default judgment should be a sanction of last, not first, resort.") (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)). As such, there should be some finding of "flagrant bad faith" before imposing this extreme sanction. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640 (1976) ((citing *Societe Internationale v. Rogers,* 357 U.S. 197 (1958)); *Coastal States Gas Corp. v. Department of Energy,* 644 F.2d 969, 975 n. 28 (3d Cir. 1981) (citing *id.*).

Plaintiff has failed to demonstrate that sanctions in the form of default judgment are "absolutely necessary" or that any of the *Poulis* factors have been met. In fact, Plaintiff has moved for sanctions at a point in time when Defendants are actively attempting, in good faith, to produce the last of the outstanding documents in response to Plaintiff's document requests. Thus entering default judgment is inappropriate here.

4

**B.  Plaintiff Fails To Meet Its Burden To Warrant Entry of Default Judgment.**

Plaintiff's request for sanctions in the form of an entry of judgment in its favor is unwarranted. Default judgment is not "absolutely necessary" here, as demonstrated by the production of over 10,000 documents in the short period since Defendants engaged undersigned counsel. These documents are directly responsive to Plaintiff's requests for paycheck records and payroll data. Defendants' counsel are also actively gathering, reviewing, and preparing produce the remaining categories of documents (employee time records, sign-in sheets, written job offers stating rates of pay, and employee handbooks) to the extent possible. Thus, in the coming weeks, the discovery issues outlined in Plaintiff's Motion should be addressed. The extreme sanction of default judgment is not absolutely necessary, and therefore, is unwarranted in this instance. Moreover, Plaintiff has failed to meet any of the *Poulis* factors.

*First*, Defendants have not acted in bad faith or in an otherwise dilatory manner in responding to Plaintiff's discovery requests. Of course, Defendants could have done better as far as working to produce outstanding documents sooner. However, this delay was not so contumacious or damaging that Plaintiff should be excused, in whole or in part, from its burden of proving its case while preventing Defendant from presenting a defense. Defendants have produced over 110,000 pages of documents through four separate document productions. The delay by Defendants in producing *all* of the categories of documents is largely explained by the complexity of discovery in this case which covers two businesses, multiple technological platforms, three locations, hundreds of individuals, and which is occurring amongst a pandemic and contemporaneously with other litigation while a highly active business is attempting to stay afloat. This complexity was further compounded by Defendants' miscalculation in initially relying upon

its accountants to coordinate discovery. While these factors have contributed to the delay, Defendants have not intentionally operated in bad faith.

*Second*, given Defendants' voluminous production to date, in excess of 110,000 pages of documents, Plaintiff cannot establish a history of dilatory conduct warranting default judgment. At most, Plaintiff can show a delay by Defendants in producing *some* categories of documents, which is explained by the complexity of the discovery issues and business/personal challenges experienced by Defendants.

*Third*, Plaintiff cannot demonstrate any real prejudice caused by the delay in receiving each and every responsive document. According to the prior submissions, Plaintiff has already taken seven (7) depositions in this case. The delay in producing documents has not prevented Plaintiff from advancing its case. The only actual prejudice would befall Defendants if default judgment were entered in this case and Plaintiff were excused from the burden of proving its case while preventing Defendant from presenting a defense.

*Fourth*, Defendants, who have experienced significant business and personal challenges in the past year, do not bear full responsibility for the delay in producing responsive documents, but admittedly miscalculated in initially relying upon their accountants to coordinate discovery. Defendants have remedied this by retaining new counsel to ensure against any further delays.

*Fifth*, Plaintiff has failed to foreclose on the appropriateness of alternative sanctions. As evidence that monetary sanctions will not suffice, Plaintiff focuses on the fact that Defendants have failed to pay Plaintiff $2,500 to cover costs for filing discovery motions pursuant to the Court's July 19, 2021 Order. Defendants' newly retained counsel are still orienting to the case and have focused their attention on reviewing additional documents for production rather than

immediately coordinating payment of the outstanding $2,500. Notwithstanding, Defendants' counsel will ensure that payment of $2,500 is made in full immediately.[1]

*Sixth*, the Complaint fails to support recovery since Plaintiff's FLSA claims lack any merit. Plaintiff bases its argument that it "will undoubtedly prevail on the merits should this case go to trial" entirely on the misplaced assertion that "Defendants have **never** produced alternate payroll records showing their compliance with the FLSA." (ECF 44, p. 14) (emphasis in original). This, of course, is no longer accurate because Defendants' most recent document production on January 12, 2022 contained thousands of pages of payroll records demonstrating Defendants' compliance with the FLSA.

Plaintiff cannot demonstrate that sanctions in the form of default judgment are "absolutely necessary" or any of the *Poulis* factors have been met. Thus, Plaintiff should not be permitted to use this opportunity to bypass litigation to judgment in its favor at the exact time that Defendants' counsel are actively working, in good faith, to produce the last of the outstanding categories of documents in response to Plaintiff's document requests. Defendants respectfully suggest that the Court should deny Plaintiff's renewed requests for default judgment.

---

[1] Given that Defendants' counsel are still working to identify what, if any, gaps exist in the document production, it is premature to calculate any additional sanctions. Moreover, Plaintiff's claim to an additional $110,000 is entirely inequitable since it would lead to the absurd result of a discovery sanction that rivals the potential liability if Plaintiff prevailed on its case.

## IV.    CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's

Motion.

Respectfully submitted,

Dated this 13th day of January, 2022

**FOX ROTHSCHILD LLP**

By:     /s/  *Colin D. Dougherty*
Colin D. Dougherty
Eric E. Reed
10 Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, PA 19422-3001
T: (610) 397-3908
F: (610) 397-0450
cdougherty@foxrothschild.com
ereed@foxrothschild.com
*Attorneys for Defendants*

8

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

---

MARTIN J. WALSH, SECRETARY OF LABOR )
UNITED STATES DEPARTMENT OF LABOR, )
                                                   )
                 Plaintiff,                )     Civil Action No.  5:20-cv-04265
                                                   )
     v.                                          )
                                                   )
BENE MARKET, LLC, NATIONAL )
BROKERS OF )
AMERICA, INC., ALAN REDMOND, )
and STEPHANIE MILLER )
                                                   )
                 Defendants.          )

---

## CERTIFICATE OF SERVICE

I, Colin D. Dougherty, Esquire, certify that a true and correct copy of the Defendants' Opposition to Plaintiff's Second Motion for Sanctions has been delivered electronically this 13th day of January, 2022 to the counsel of record indicated below:

Jennifer L. Bluer, Esq.
Alexander E. Gosfield, Esq.
U.S. Department of Labor
170 S. Independence Mall West, 630E
Philadelphia, PA 19106
bluer.jennifer.l@dol.gov
gosfield.alexander.e@dol.gov
Attorneys for Plaintiff

*/s/ Colin D. Dougherty*
Colin D. Dougherty

9