**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LORI CHAVEZ-DEREMER ) | |
| SECRETARY OF LABOR, ) | |
| UNITED STATES DEPARTMENT OF LABOR ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Civil Action No. 20-4265 |
| ) | |
| BENE MARKET, LLC, et al., ) | |
| ) | |
|     Defendants. ) | |
| ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT STEPHANIE MILLER'S
MOTION TO OPEN AND/OR STRIKE SUMMARY JUDGMENT**

## I.    Introduction

Defendant Stephanie Miller's Motion to Open And/Or Strike Summary Judgment (hereinafter "Defendant Miller's Motion")[1] is supported by neither the facts or the law. Rather, now that a hearing on damages is upon us, Defendant Miller appears to be making a last-ditch effort to avoid liability. Defendant Miller's claim that she somehow did not know that she was a defendant despite being represented by <u>five</u> separate attorneys prior to her current counsel is absurd and contradicted by her own testimony. Most notably, Defendant Miller sat for a deposition over four years ago where she was not only represented by Defendants' counsel, and not only put on notice that she was a defendant in this action, she engaged in a colloquy with the Secretary's counsel about that fact. Defendant Miller's Motion cites to this deposition, but conspicuously omits the testimony that confirms she knew *in 2021* she was a party to this case. These undisputed facts from Defendant Miller's own prior testimony support the denial of her motion without the need for a hearing or the taking of any further evidence.

Even if Ms. Miller's arguments are credited, they ultimately boil down to a claim that her prior counsel did not do enough to keep her updated and involved in the litigation or advance certain legal and factual arguments. While such a claim may be suitable for a malpractice action, under the facts present here it does not provide a basis for undoing years of contested litigation, summary judgment briefing, and a summary judgment decision. And while there is no basis for the Court to revisit, at this late date, the finding that Defendant Miller is individually liable under the Fair Labor Standards Act's ("FLSA") very broad definition of "employer," the evidence she cites in advancing that argument was either already in the record or is legally irrelevant. In fact,

---

[1] Defendant Miller did not file a proposed order, in violation of Local Rule 7.1(a).

the one piece of evidence Defendant Miller attaches to her motion actually reinforces, rather than undermines, her individual liability. The Court should deny Defendant Miller's motion.

## II.    Procedural History

The complaint in the instant matter was filed on August 31, 2020. ECF 1. Throughout the history of this case and prior to Mr. Castor's entry of appearance, Defendant Miller had five separate attorneys enter their appearance on behalf of her: Mr. Joseph Bambrick (ECF 2); Mr. Allen Rush (ECF 20); Mr. Colin Dougherty (ECF 42); Mr. Eric Reed (ECF 43); Mr. Norman Valz (ECF 102). At all times during this matter, Defendant Miller was represented and her respective attorneys filed motions and pleadings on her behalf.

### A.  Mr. Bambrick Waived Service and Filed an Answer on Behalf of Defendant Miller.

On September 30, 2020, Mr. Joseph Bambrick indicated in an email to counsel for the Secretary that he would waive formal service of process for all Defendants (including Defendant Miller). *See* Plaintiff Ex. A. On September 30, 2020, Mr. Bambrick entered his appearance on behalf of Defendant Miller. ECF 2. That same day, Mr. Bambrick filed an Answer on behalf of Defendant Miller. ECF 3. In that Answer, Mr. Bambrick denied that Defendant Miller qualified as an employer under the FLSA. *Id.* Mr. Bambrick filed a motion to withdraw from this matter on February 23, 2021 (ECF 17) and the Court granted his motion on March 19, 2021. ECF 24.

### B. Mr. Rush Represented Defendant Miller Throughout Discovery.

On March 16, 2021, Mr. Rush entered his appearance on behalf of Defendant Miller. ECF 20. Mr. Rush represented Defendant Miller during the discovery phase of this matter. Specifically, Mr. Rush represented Defendant Miller at her deposition on April 29, 2021. ECF 133, Ex. A. Mr. Rush also served Defendant Miller's interrogatory responses on the Plaintiff. *See* Ex. B. Further, Mr. Rush filed an opposition to Plaintiff's First Motion for Sanctions and Costs. ECF 34. At the

time of this filing, Mr. Rush has not withdrawn his appearance and remains counsel of record for Defendant Miller.

### C. Mr. Dougherty and Mr. Reed Filed, and Responded to, Motions for Summary Judgment on Behalf of Defendant Miller.

On December 23, 2021, Mr. Dougherty and Mr. Eric Reed, of the law firm Fox Rothschild, entered their appearances on behalf of Defendant Miller. ECF 42, 43. During the course of their representation, they filed an opposition to Plaintiff's Second Motion for Sanctions (ECF 47); a motion for summary judgment (ECF 78); a response in opposition to Plaintiff's Motion for Partial Summary Judgment (ECF 91); and a reply brief in support of Defendant Miller's Motion for Summary Judgment (ECF 95). Each of these filings was filed on behalf of Defendant Miller. Mr. Reed and Mr. Dougherty filed a motion to withdraw from representing Defendant Miller on August 14, 2023 (ECF 102, 103) and this Court granted their respective motions on the same day. *Id.*

### D. Mr. Walz's Represented Defendant Miller at Oral Arguments and Negotiated on her Behalf.

On August 14, 2023, Mr. Walz entered his appearance on behalf of Defendant Miller. ECF 101. Mr. Walz argued Defendant Miller's Motion for Summary Judgment (ECF 112). Mr. Walz was also negotiating a stipulation regarding the back wages and sanctions on behalf of Defendant Miller with the undersigned counsel for the Secretary. At the time of this filing, Mr. Walz remains a counsel of record for Defendant Miller.

### E. Mr. Castor's Representation of Defendant Miller

On April 24, 2025, Mr. Castor entered his appearance on behalf of Defendant Miller. ECF 127. On May 20, 2025, Mr. Castor filed a letter with the Court stating that Defendant Miller somehow did not know she was a defendant in the instant matter despite having five attorneys

enter their appearance on her behalf. ECF 129. During a status call with the Court on May 21, 2025, Mr. Castor was advised there was evidence that directly contradicted the factual averments he made in his letter, specifically the deposition transcript of Defendant Miller, and was advised to read the transcript closely before filing a motion. Mr. Castor conceded on that call that he had only "skimmed" the deposition transcript prior to sending his letter to the Court but assured the Court and Plaintiff's counsel that he would read the transcript before filing any motion. Despite being told of direct factual evidence that contradicts his position, and despite presumably reading the deposition transcript containing such evidence, Mr. Castor still filed this Motion on behalf of Defendant Miller ---- ignoring the deposition testimony that undermines its entire premise.

## III.    Argument

Defendant Miller's Motion should be denied because it relies on facts that are either blatantly false or legally irrelevant and therefore there are no "extraordinary circumstances" that justify relief. Though not entirely clear, it appears that Defendant Miller is basing her motion on Fed. R. Civ. P. 60(b)(6).[2] Rule 60(b)(6) permits the reopening of a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Dietsch v. United States*, 2 F. Supp. 2d 627, 631 (D.N.J. 1998). However, a motion filed under Rule 60(b)(6) should only be granted in "extraordinary circumstances." *BLOM Bank SAL v. Honickman*, No. 23-1259, 2025 WL 1583305, at *5 (U.S. June 5, 2025). "A party seeking Rule 60(b)(6) relief must always demonstrate 'extraordinary

---

[2] Defendant Miller also cites Fed. R. Civ. P. 60(b)(4) but it appears that she is asking that as a form of relief and not as a specific reason as to why the Court should grant her motion. *See* ECF 133 at ¶8.

circumstances' justifying relief." *Id*. at 6. If a court were to grant a motion under Fed R. Civ. P. 60(b)(6), appellate courts require "substantial justification" for the court's conclusion. *Id.* at 7.

In the instant matter, even if Defendant Miller's factual allegations are true (which they clearly are not) she cites no legal support that would justify the relief she is seeking. Further, Defendant Miller's gripe that her previous attorneys did not cite her self-serving testimony or introduce an indemnification agreement in her summary judgment motion is not a legitimate reason to grant her motion. Her self-serving testimony was already in the record. Further, this indemnification agreement is legally irrelevant to the instant matter as an indemnification agreement is not a defense to liability under the FLSA. Also, as discussed below, this indemnification actually supports the Court's decision finding that Defendant Miller is an employer under the FLSA. As such, this Court should deny Defendant Miller's Motion for the reasons discussed below.

### A. Stephanie Miller was Aware that She is a Defendant in this Matter and her Attorneys Litigated on her Behalf.

Defendant Miller's Motion must be denied because the evidence clearly shows that she was aware that she is a defendant in this matter and has known for quite some time. The facts she asserts in attempting to argue otherwise are simply not credible in light of the record in this action. Further, as the record shows, all of her attorneys litigated on her behalf. Therefore, for the reasons below, Defendant Miller's Motion must be denied.

### a. Defendant Miller was Aware of this Case and that She is a Defendant.

Perhaps the most blatantly false statement Defendant Miller makes in her Motion is that she only "became aware of this lawsuit . . . on March 27, 2025."[3] This statement – apparently made

---

[3] *See* ECF 133 at ¶12.

under penalty of perjury[4] -- is transparently false. Defendant Miller is not simply stating that she was unaware of her status as a defendant; she is stating that *she was not even aware of this lawsuit* until a few months ago. Of course, this is directly contradicted by the fact that she was deposed in 2021 -- which at an absolute minimum put her on notice of the lawsuit's existence at that time.

Defendant Miller's deposition testimony also made it clear she knew, at least at that time, she was a defendant, because she *made the same argument she is making here* at that 2021 deposition. During her deposition, she claimed she did not know that she was a defendant in this matter. *See* ECF 133, Ex. A at 153; 2-5. However, Mr. Rush (her second attorney) stated on record that he informed her of the allegations against her. *Id.* at 9-10. Specifically, Defendant Miller had the following colloquy with the Secretary's counsel:

> Ms. Bluer: "Ms. Miller, are you aware of any affirmative defenses you intend to raise **in your defense** in this case?"
> Defendant Miller: I have no knowledge of any of this. I have not seen a Complaint. I have not seen an Answer. I don't know. I can't answer this because I don't know."
> Ms. Bluer: You haven't seen the Complaint?
> Defendant Miller: No. I wasn't even aware of the Complaint.
> Mr. Rush: Prior to my involvement.
> Defendant Miller: Yeah. Prior to last week and still have not seen it.
> Ms. Bluer: When did you first become aware of this case?
> **Defendant Miller: Last Wednesday. Last Wednesday I was given the interrogatory and asked to answer it. I answered it on Thursday. And that was my complete involvement.**
> *See* ECF 133, Ex A. at 152-153 (emphasis added)

---

[4] Defendant Miller's motion is not supported by a declaration that complies with 28 U.S.C. § 1746 regarding declarations under penalty of perjury. The Court therefore cannot credit any factual averments therein. Defendant Miller does include a "verification" page in which she states under penalty of perjury that presumably is attesting to the accuracy of every single statement in the Motion, ECF 133 at p.63. However, Section 1746 explicitly requires that declarations be dated; the verification is undated. The verification also does not specify the particular facts to which she is averring the truth. For example, the Motion contains legal arguments (e.g., ECF 133 at ¶¶ 19-21), but presumably Defendant Miller is not attesting to their truth.

This colloquy made it abundantly clear that not only did Defendant Miller know at that point she was a defendant (because she was asked about her defenses in the case), she actually answered interrogatories that were directed to her as a Defendant. Defendant Miller failed to include this testimony in her Motion. Defendant Miller also testified that she became aware of this case on April 16, 2021.[5] As such, Defendant Miller's own words make it perfectly clear that she has been aware of this lawsuit, and her status as a Defendant, since, at the very latest, April 2021. Moreover, Defendant Miller was present as her counsel, and counsel or the Secretary discussed the fact that an answer was filed on her behalf, further reinforcing the fact that she was aware of her status as a Defendant. *See* ECF 133, Ex. A at 149-150. Therefore, there is no factual basis for Defendant Miller's argument that she was not aware until recently that she was a defendant in this matter. Her own words betray her and are alone sufficient to justify denying the Motion, without the need for any further testimony.

Defendant Miller also responded to discovery that was served on her. Specifically, Defendant Miller personally responded to interrogatories in this matter (and did not merely rely on counsel), a fact that she admitted to in her 2021 deposition. *See* Plaintiff Ex. B; *see also* ECF 133, Ex. A at 153; 22-25. Defendant Miller's response to Plaintiff's interrogatories is titled "Defendant, Stephanie Miller's Answers to Plaintiff's First Set of Interrogatories." *See* ECF 133, Ex B. Additionally, Defendant Miller provided her electronic signature to these answers. *Id*. These responses were served on Plaintiff on May 23, 2021. *Id*. This is further evidence that Defendant Miller was aware that she was a defendant in this matter and therefore her motion must be denied.

---

[5] *See* ECF 133, Ex. A at 153; 22. Defendant Miller then stated that she answered the interrogatories on April 17, 2021.

### b.  Stephanie Miller's Attorneys Fully Represented Her in this Matter.

Defendant Miller's Motion also necessarily asks the Court to believe that all <u>five</u> of her previous attorneys failed to inform her that she was a defendant in this matter – despite the fact that they filed motions and pleadings on her behalf throughout this case. Defendant Miller filed an answer to the complaint on September 30, 2020.[6] ECF 3. In her answer, she denied that she qualified as a Section 3(d) employer under the FLSA. *Id*.

Additionally, Defendant Miller filed, through counsel, a motion for summary judgment (ECF 78), an opposition to Plaintiff's Motion for Partial Summary Judgment (ECF 91), a reply brief in response to Plaintiff's Opposition to Defendant Miller's Motion for Summary Judgment (ECF 96), and other various motions and responses throughout the history of this case. As such, Defendant Miller was fully represented in this matter and was an active participant in this case. Though there is precedent for granting relief under Fed. R. Civ. P. 60(b)(6) for an attorney's malpractice,[7] it is an extreme remedy that requires the attorney to essentially abandon his client. As the record shows, Defendant Miller was fully represented and her attorneys consistently litigated on her behalf. Therefore, because she was adequately represented throughout this case, Defendant Miller's Motion must be denied.

---

[6] Defendant Miller claims that she was not served with the complaint in this matter and therefore that is grounds for relief. *See* ECF 133-1 at 3. However, her attorney at the time the complaint was filed (Mr. Bambrick) emailed counsel for Plaintiff informing them that he was going to waive service. *See* Plaintiff Ex. A. It is common for Defendants to waive formal service of a complaint in litigation. There is a strategic advantage to doing so as it allows defendants additional time to file an answer to a complaint.

[7] *See Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976 (3d Cir. 1978). In that case, the Third Circuit granted relief under Fed. R. Civ. P. 60(b)(6) because the attorney abandoned his clients so that he could run for judge in Northumberland County, Pennsylvania. Additionally, in that case, the attorney did not file a motion for summary judgment or respond to the defendants' motion for summary judgment. *Id.* at 977. The facts in this case are clearly distinguishable given all five of her previous attorneys litigated and advocated on Defendant Miller's behalf.

**B. The Indemnification Agreement between Defendant Redmond and Defendant Miller Provides Additional Factual Support that Defendant Miller is an Employer and its Existence is Not a Defense to Liability Under the Fair Labor Standards Act.**

Defendant Miller also argues that an indemnification agreement between her and Defendant Redmond (ECF 133, Ex. C) somehow supports the conclusion that she did not exercise the level of control required the be an "employer" under the FLSA.[8] In fact, the opposite is true. Additionally, indemnification agreements do not defeat liability under the FLSA.

**a. This Indemnification Agreement is Further Evidence that Defendant Miller is an Employer under the FLSA.**

The existence of the indemnification agreement actually supports Defendant Miller's status as an "employer" under the FLSA's broad definition of that term, therefore making her jointly and severally liable. If Defendant Miller truly had no significant responsibilities at Bene Market, and no role in making decisions that could result in liability, there would be no need for an indemnification agreement in the first place. That is why rank and file employees (which Defendant Miller appears to claim to have been) do not typically have indemnification agreements; they are far more common amount high-ranking company officers. Beyond that, the agreement itself confirms Defendant Miller acted as a representative of Defendant Redmond's "various companies." *See* Def. Miller Ex. C. Additionally, it states that she "signed agreements on behalf of the various entities owned by Redmond." *Id.* This indemnification agreement therefore contradicts several of the factual averments that she makes in her motion, specifically

---

[8] The Court can also reject any consideration of the indemnification agreement as "newly discovered evidence" because Defendant Miller did not file this motion within the one-year timeline required by Fed. R. Civ. P. 60(c)(1). This Court issued its decision on the parties' cross summary judgment motions on March 19, 2024. *See* ECF 113 and 114. Defendant Miller filed the instant motion on May 30, 2025. ECF 133.

that she "did [not have a] say in the running of this business." *See* ECF 133-1 at 6. It confirms, rather than undermines, Defendant Miller's status as an "employer" under the FLSA.[9]

### b. Indemnification Agreements Do Not Release Employers of Liability Under the FLSA.

Defendant Miller's arguments about the relevance of the indemnification agreement are far from clear, but to the extent she is suggesting the agreement itself serves to absolve her from liability in this case, it does not. Under the FLSA, employers are jointly and severally liable for violations of the FLSA and they can be held responsible for the violations of other individuals and organizations that qualify as an employer. *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 148-149 (3d Cir. 2014).

Defendant Miller cites no case or other legal authority that states an indemnity agreement would absolve an employer of liability under the FLSA and that is because no such authority exists. A plain reading of the FLSA shows that there is no indemnification defense to the Section 3(d) employer liability when an employer violates the FLSA's minimum wage and overtime requirements. *See* 29 U.S.C. § 216(b). Further, the Supreme Court has held that there is no private right of contribution under the FLSA. *See Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 94-97 (1981). In *Lyle v. Food Lion, Inc.*, the Fourth Circuit held that a defendant employer could not "indemnify itself…for its own violation of the FLSA." 954 F.2d 984, 987 (4th Cir. 1992). There is a strong public policy reason for this because if employers could indemnify themselves then it would "undermine employers' incentives to abide by the act." *Id.* (internal citations omitted). In *Claiborne v. FedEx Ground Package*

---

[9] This is particularly true given that the definition of "employer" is "the broadest definition that has ever been included in any one act." *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d 462, 467–68 (3d Cir. 2012) (citing *U.S. v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945)).

*Systems, Inc.*, the court dismissed any claims that an indemnification agreement between a defendant and third party had any relevance on the instant action. No. 2:18-CV-01698-RJC, 2022 WL 541523, \*4-6 (W.D. Pa. Feb. 23, 2022). Therefore, had this indemnification agreement between Defendant Redmond and Defendant Miller been introduced into evidence, it would not have excused her liability under the FLSA.

### C. Defendant Miller's Argument that Her Attorneys Did Not Cite Self-Serving Testimony is Not a Ground for Granting her Motion.

The Court should deny Defendant Miller's Motion because she cannot rely on self-serving testimony to create an issue for the jury. Defendant Miller is claiming that her motion should be granted because her attorneys erred when they did not argue that her self-serving testimony from her deposition shows that she was not an employer under the FLSA. *See* ECF 133-1 at 5.

As a preliminary matter, the facts that Defendant Miller wishes to introduce into the record were already in the record as an exhibit in Plaintiff's Motion for Partial Summary Judgment. *See* ECF 79-14. Therefore, the Court was aware of these facts when it rendered its decision and thus Defendant Miller's argument is moot. Nonetheless, even if these facts were not already in the record, Defendant Miller's attorneys could not have relied on these facts to create an issue for summary judgment. Parties cannot create a jury question by relying on self-serving testimony. *See Hammonds v. Collins*, No. 12-CV-00236, 2016 WL 1621986, at \*8 (M.D. Pa. Apr. 20, 2016). As such, this complaint does not have merit and therefore Defendant Miller's Motion must be denied.

### IV.   Conclusion

For the reasons stated above, this Court should deny Defendant Miller's Motion.

Respectfully submitted,

|  |  |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Jonathan Snare<br>Acting Solicitor of Labor<br><br>Samantha N. Thomas<br>Regional Solicitor |
| (215) 861-4843 (voice)<br>(215) 861-5162 (fax) | Kyle Stelmack<br>Trial Attorney |
| Brunson.Austin.S@dol.gov | */s/ Austin Brunson*<br>By: Austin Brunson |
| Date: June 13, 2025 | PA ID # 315931<br><br>Attorneys for Plaintiff |