IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VINCE MICONE, ACTING SECRETARY : 
OF LABOR, UNITED STATES : 
DEPARTMENT OF LABOR, :
                            :   **CIVIL ACTION**

      **Plaintiff,** :

                             :   **No. 5:20-cv-04265-JLS**

   **v.** :

BENE MARKET, LLC, et al, :

      **Defendants.**

## <u>ORDER</u>

**AND NOW**, this 30th day of March, 2026, upon consideration of Defendant Stephanie

Miller's Motion to Open and/or Strike Summary Judgment (ECF No. 133) and Plaintiff's

response in opposition thereto, **IT IS HEREBY ORDERED** that Defendant's Motion to Open

and/or Strike Summary Judgment is **DENIED**.[1]

                                            **BY THE COURT:**

                                            */s/ Jeffrey L. Schmehl*
                                            **Jeffrey L. Schmehl, J.**

---

[1] Defendant Miller seeks to Open and/or Strike Summary Judgment under Fed. R. Civ. P. 60(b), claiming that she did not understand that she was a defendant in this matter, or even have awareness of this lawsuit until March 27, 2025. *See* ECF No. 133, pp. 1-4. She further claims she did not understand the purpose of her 2021 deposition. *See id.*, p. 4. Defendant Miller argues her due process rights are implicated, and she has a meritorious defense that she never had the opportunity to advance. *See id.*

      The complaint in the instant matter was filed on August 31, 2020. ECF No. 1. The case record shows that, prior to her current attorney's entry of appearance, Defendant Miller had five separate attorneys enter their appearance on her behalf: Mr. Joseph Bambrick (ECF No. 2); Mr. William Rush (ECF No. 20); Mr. Colin Dougherty (ECF No. 42); Mr. Eric Reed (ECF No. 43); and Mr. Norman Valz (ECF No. 102). At all times during

this matter, Defendant Miller was represented and her respective attorneys filed motions and pleadings on her behalf.

Rule 60(b)(6) permits the reopening of a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Dietsch v. United States, 2 F. Supp. 2d 627, 631 (D.N.J. 1998). However, a motion filed under Rule 60(b)(6) should only be granted in "extraordinary circumstances." BLOM Bank SAL v. Honickman, No. 23-1259, 2025 WL 1583305, at *5 (U.S. June 5, 2025).

There are no extraordinary circumstances here to justify the relief requested. Defendant Miller's deposition testimony makes clear she knew, at least at that time, she was a defendant, because she made the same argument then that she is making here. During her deposition, she claimed she did not know she was a defendant in this matter. *See* ECF 133, Ex. A at 153; 2-5. However, Mr. Rush (her second attorney) stated on record that he informed her of the allegations against her. *See id.* at 9-10. Defendant Miller also testified that she became aware of this case on April 16, 2021. *See id.* at 22.

The record shows that Defendant Miller was aware of this case, understood that she is a defendant in it, and was fully represented by attorneys consistently litigating on her behalf. Therefore, her motion for relief is denied.