**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | CIVIL ACTION |
| Plaintiff, | No. 5:20-cv-04265-JLS |
| v. | Hon. Jeffrey L. Schmehl |
| BENE MARKET, LLC; NATIONAL BROKERS OF AMERICA, INC.; ALAN REDMOND; and STEPHANIE MILLER, | |
| Defendants. | |

**MOTION OF WILLIAM R.A. RUSH AND NORMAN M. VALZ FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

William R.A. Rush, Esquire, of Rush Law Group, and Norman M. Valz, Esquire, of the Law Offices of Norman M. Valz, P.C. (together, "Withdrawing Counsel"), respectfully move this Court, pursuant to Local Rule of Civil Procedure 5.1, for leave to withdraw as counsel of record for Defendants Bene Market, LLC, National Brokers of America, Inc., Alan Redmond, and Stephanie Miller. In support of this Motion, Withdrawing Counsel aver as follows:

1. Mr. Rush entered his appearance on behalf of Bene Market, LLC and Alan Redmond on February 25, 2021, and on behalf of National Brokers of America, Inc. and Stephanie Miller on March 16, 2021. Mr. Valz entered his appearance on behalf of all four Defendants on August 14, 2023.

2. Withdrawing Counsel are presently the only counsel of record for Defendants Bene Market, LLC, National Brokers of America, Inc., and Alan Redmond. Defendant Stephanie Miller is separately represented in this Court by Bruce L. Castor, Jr., Esquire, who entered his appearance on April 24, 2025, and is separately represented by counsel in the related appeal.

3. The claims underlying this action have been substantially adjudicated. On March 19, 2024, the Court granted the Secretary's motion for partial summary judgment on liability and denied

1

Defendants' cross-motion. Defendants' subsequent motion to open and/or strike the summary judgment was denied on March 30, 2026, and Defendant Miller has taken an appeal to the United States Court of Appeals for the Third Circuit (No. 26-2069). The matter remains in the damages phase in this Court.

4. Good cause exists for the withdrawal of Withdrawing Counsel. There has been a breakdown in communication between Withdrawing Counsel and the Defendants. Despite repeated efforts, the Defendants have failed to maintain meaningful communication with Withdrawing Counsel regarding the conduct of this matter, rendering continued representation unreasonably difficult.

5. In addition, the Defendants have failed to pay Withdrawing Counsel for legal services rendered in this matter for a period of more than one year, in breach of the parties' fee arrangement.

6. Several circumstances external to this action further support withdrawal. Defendant Alan Redmond is a defendant in a pending federal criminal prosecution before this same Court, United States v. Redmond, No. 5:24-cr-00376-JLS, in which trial is scheduled to commence on September 15, 2026. Mr. Rush previously represented Mr. Redmond in that criminal matter and was granted leave to withdraw as his counsel on May 20, 2026; Mr. Redmond is now proceeding pro se in that case

7. Defendant Alan Redmond is also a debtor in bankruptcy. An involuntary petition was filed against Mr. Redmond on September 3, 2024, and the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code on September 23, 2025, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, No. 24-13093-pmm.(Redmond

Bankruptcy Docket at 1; Redmond Bankruptcy Docket at 1) A Chapter 7 trustee has been appointed to administer Mr. Redmond's estate.

8. Defendant National Brokers of America, Inc. is a defunct entity that no longer conducts business. It filed a voluntary Chapter 7 petition on September 3, 2019, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, No. 19-15488, and its affairs have since been administered by a Chapter 7 trustee, who has filed a final report.(NBOA Chapter 7 Bankruptcy Docket at 3; NBOA Chapter 7 Bankruptcy Docket at 1; NBOA Chapter 7 Bankruptcy Docket at 1; NBOA Chapter 7 Bankruptcy Docket at 25) As a result, control of National Brokers' affairs rests with the Chapter 7 trustee, and Withdrawing Counsel are unable to obtain instructions from, or payment by, the entity in connection with its defense of this action.

9. Defendant Bene Market, LLC is likewise defunct and no longer conducting business, and it has been treated as an alter ego of National Brokers of America, Inc. In the National Brokers Chapter 7 case, the Chapter 7 trustee pursued an avoidance claim against Alan Redmond and Bene Market, LLC, which was resolved by a court-approved settlement.(NBOA Chapter 7 Bankruptcy Docket at 17) Because both entity Defendants are defunct, Withdrawing Counsel are unable to obtain direction or payment from either, and the overlapping interests among these Defendants, together with the pending criminal and bankruptcy proceedings, materially complicate—and effectively preclude—Withdrawing Counsel's continued joint representation.

10. The grant of this Motion will not unduly delay or disrupt these proceedings or prejudice any party. Liability has already been adjudicated, and Defendant Miller—the only Defendant to have appealed—is independently represented by separate counsel in this Court and on

3

appeal.(Scalia v. Bene Market, LLC at 17; Scalia v. Bene Market LLC at 2) Although Bene Market, LLC and National Brokers of America, Inc. are artificial entities that cannot proceed pro se in federal court, both are defunct, and Withdrawing Counsel do not represent that either entity will be able to retain substitute counsel.  Withdrawing Counsel therefore request that the Court grant leave to withdraw and address the entity Defendants' representation as it deems appropriate—including, if the Court elects, by setting a date by which any entity Defendant intending to defend must cause substitute counsel to appear, with the understanding that an entity's failure to appear through counsel may result in the entry of default or other appropriate relief.

11. Withdrawing Counsel have provided the Defendants with notice of their intention to seek leave to withdraw, as reflected in the accompanying Certificate of Service.

12. In further support of this Motion, Withdrawing Counsel rely on the accompanying Memorandum of Law, incorporated herein by reference.

WHEREFORE, William R.A. Rush, Esquire, and Norman M. Valz, Esquire, respectfully request that the Court enter the accompanying proposed Order granting them leave to withdraw as counsel of record for Defendants Bene Market, LLC, National Brokers of America, Inc., Alan Redmond, and Stephanie Miller, and granting such other relief as the Court deems just and proper.

[Intentionally Blank with Content Continued on Next Page]

4

Dated:  July 24, 2026                    Respectfully submitted,


/s/ William R.A. Rush
William R.A. Rush, Esquire


/s/ Norman M. Valz
Norman M. Valz, Esquire

*Counsel for Defendants*