**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEITH E. SONDERLING<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR<br>    Plaintiff,<br><br>    v.<br><br>BENE MARKET, LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 20-4265<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO WILLIAM R.A. RUSH'S AND NORM M. VALZ'S
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

Plaintiff, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary") files this Opposition to William R.A. Rush and Norman M. Valz's Motion for Leave to Withdraw as Counsel for Defendants ("Mr. Rush's and Mr. Valz's Motion to Withdraw") (ECF 141). This Court has already determined that Defendants willfully violated the Fair Labor Standards Act ("FLSA"), but still must hold a hearing and rule on the amount due to the affected employees, as well as the amount of sanctions due Plaintiff. The Acting Secretary objects to Mr. Rush's and Mr. Valz's Motion to Withdraw as Counsel for Defendants Bene Market, LLC ("Bene Market") and National Brokers of America, Inc. ("National Brokers of America") on the grounds that it would leave those entities that must have counsel unrepresented in this action and therefore cause unnecessary prejudice and delay to the Acting Secretary and the affected employees. The Acting Secretary also objects to Mr. Valz and Mr. Rush withdrawing as counsel for Defendant Alan Redmond as it may similarly result in a delay of the proceedings and

consequently prejudice to the Acting Secretary and the affected employees, who have been waiting for years to receive the back wages and liquidated damages to which they are entitled. [1]

## I.   Legal Standard

### A. Attorneys are not permitted to withdraw from representing their corporate clients unless their representation serves "no meaningful purpose."

"It has been the law for the better part of two centuries…that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. Bank of the U.S.*, 22 U.S. 738, 830 (1924)); *see also Van De Berg. v. Comm'r,* 175 F. App'x 539, 541 (3d Cir. 2006). Therefore, attorneys are not permitted to withdraw from representing their corporate clients before the corporation retains new counsel unless the withdrawing attorney serves "no meaningful purpose." *Buschmeier v. G&G Investments, Inc.*, 222 Fed.Appx 160, 163 (3d Cir. 2007). Courts are to consider "the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and the prejudice to other parties." *LabMD Inc. v. Boback*, 47 F.4th 164, 191 (3d Cir. 2022). Unpaid attorney fees do not mandate granting an attorney's request to withdraw their representation of a client. *TotalFacility, Inc. v. Dabek*, No. CV 14-5324, 2016 WL 7450465, at *3 (E.D. Pa. Dec. 28, 2016) (denying motion to withdraw). Further, the court's need "for effective communication and efficient administration" of a matter may warrant denial of an attorney's motion to withdraw. *Id.* Finally, attorneys have a "heavy burden" to prove that their "appearance serves no meaningful purpose." *Johnson v. Smithkline*

---

[1] As discussed below, the Acting Secretary does not object if Mr. Redmond chooses to proceed *pro se*, or obtain new counsel, so long as it does not require postponement of the damages hearing currently scheduled for September 3, 2026. At this time, however, there is no indication that Mr. Redmond wishes to proceed *pro se* or will be able to obtain new counsel to represent him in this matter sufficiently in advance of the September 3, 2026 hearing.

*Beecham Corp.*, No. 2:11-CV-005782-PD, 2017 WL 2729272, at *3 (E.D. Pa. Jan. 23, 2017), *report and recommendation adopted,* No. CV 11-5782, 2017 WL 2720183 (E.D. Pa. June 23, 2017).

**B. Courts must consider the prejudice to other litigants, the potential delay that might be caused by the attorney's withdrawal, and the harm that withdrawal might cause to the administration of justice in deciding whether to grant an attorney's motion to withdraw for non-corporate clients.**

For non-corporate clients, it is within the discretion of the district court whether to permit counsel to withdraw. *Cochran v. UMH 3 Rivers LLC,* 579 F. Supp. 3d 732, 735 (W.D. Pa. 2022). In making its decision on whether to grant an attorney's motion to withdraw, district courts are to consider "(a) the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case." *Id.* Further, "[e]ven if withdrawal is otherwise appropriate, other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency." *Id.*

**II. If Mr. Rush and Mr. Valz were to withdraw from this matter it would prejudice the Acting Secretary, delay the resolution of this matter, and interfere with the administration of justice.**

As discussed in greater detail below, the Court should deny Mr. Rush's and Mr. Valz's Motion to Withdraw as it pertains to the Defendants in this matter. If Mr. Rush and Mr. Valz were to withdraw it would cause significant delay in the resolution of this matter which would prejudice the Acting Secretary and the workers whose wages were wrongfully withheld because of Defendants' willful FLSA violations.

### A. Mr. Rush and Mr. Valz still serve a "meaningful purpose" in their representation of Defendants Bene Market and National Brokers of America.

The Court should deny Mr. Rush's and Mr. Valz's Motion to Withdraw as it pertains to Defendants Bene Market and National Brokers of America. First, Mr. Rush and Mr. Valz acknowledge that their corporate clients cannot appear *pro se*, yet they still request that the Court take action that would result in leaving two corporate defendants without counsel. *See* Mr. Rush's and Mr. Valz's Memorandum in Support of Motion to Withdraw (ECF No. 141-2) at 4. The Court must still hold a damages hearing, and that hearing cannot proceed as to the corporate defendants if those defendants are unrepresented. Mr. Rush and Mr. Valz admit that there is currently no substitute counsel for these corporate defendants and state that they will likely not be able to retain substitute counsel. *Id.* As such, even Mr. Rush and Mr. Valz concede that if the Motion to Withdraw is granted the case will be indefinitely delayed. It is also irrelevant that these corporate defendants, along with Mr. Redmond, are currently in bankruptcy proceedings. The Acting Secretary filed proofs of claim in Mr. Redmond's and Bene Market's bankruptcy proceedings and is entitled to a final judgment to support those claims.

The fact that this matter is close to a final resolution weighs against granting the motion to withdraw, and not in favor as Mr. Rush and Mr. Valz suggest. Permitting Mr. Rush and Mr. Valz to withdraw at this stage of litigation would indefinitely delay these proceedings, which have been pending since August 2020. The only issues currently before the Court are the amount of back wages and liquidated damages owed to Defendants' employees and the amount of sanctions due. All other issues were resolved on summary judgment. *See* ECF 114-116. The September 3, 2026, damages hearing has already been postponed multiple times since its original date in April 2025, and the hearing itself is expected to be brief and uncomplicated. Therefore,

any burden on Mr. Valz and Mr. Rush would be minimal. Requiring Mr. Valz and Mr. Rush to continue their representation would avoid any further delay in this six-year-old litigation and allow this matter to come to a final resolution.

As noted above, the damages hearing scheduled for September 3, 2026 will not be complicated or otherwise burdensome to Mr. Valz and Mr. Rush.[2] At the hearing, the Acting Secretary only intends to call one witness from the Wage and Hour Division who will testify about his calculations regarding the amount of back wages and liquidated damages that are owed to Defendants' employees in this matter. This testimony will be based solely on Defendants' own time and payroll records. Defendants will then have an opportunity to cross-examine the Acting Secretary's witness. The Acting Secretary anticipates this hearing lasting only a few hours.[3] Any burden imposed on Mr. Rush and Mr. Valz will be minimal while the prolonged delay caused by granting Mr. Valz's and Mr. Rush's Motion to Withdraw would significantly prejudice the Acting Secretary as it would continue to delay payment to Defendants' employees whose rightful wages were unlawfully withheld by Defendants.

---

[2] Defendants, through Mr. Valz and Mr. Rush, previously indicated a willingness to stipulate to the damages amount, which would have made a damages hearing unnecessary. ECF 135. They ultimately failed to sign a stipulation. Nevertheless, their tentative agreement suggests there will be little dispute as to the evidence presented by the Acting Secretary at the September 3, 2026 hearing, which further warrants against postponing it.

[3] A witness is not needed to calculate the amount of sanctions due. The Court sanctioned Defendants in the amount of $5,000 per week, beginning July 23, 2021, for each week Defendants failed to produce documents identified in a joint stipulation, and ordered them to pay the Acting Secretary $2,500 for the costs of filing discovery motions. ECF No. 38. As of the filing of the Acting Secretary's Opposition to Defendants' Motion for Summary Judgment on March 31, 2023, a portion of those documents remained unproduced. ECF No. 92 at 3, n.4. The time between July 23, 2021, and March 31, 2023, is 88 weeks. The Acting Secretary therefore seeks $442,500 in sanctions ($5,000 x 88 + $2,500 = $440,000).

**B. The Acting Secretary will be prejudiced if the September 3, 2026 damages hearing is delayed for Mr. Redmond to retain new counsel.**

The Acting Secretary also objects to Mr. Rush's and Mr. Valz's withdrawal as to their representation of Mr. Redmond to the extent it would similarly delay the September 3, 2026 hearing. It is not clear at this point whether Mr. Redmond would elect to proceed *pro se* at the damages hearing, or whether he would ask the Court to postpone the hearing while he seeks replacement counsel. In *Cochran*, the district court denied the attorney's motion to withdraw, in part, because there was no evidence that the plaintiff "actually desire[d] to proceed *pro se*, despite her lack of communication with counsel." *Cochran*, 579 F.Supp.3d at 736. Like in *Cochran*, there is currently no evidence that Mr. Redmond wishes to proceed *pro se*.[4]

As previously discussed, if Mr. Rush's and Mr. Valz's Motion to Withdraw were to be granted then this matter could be indefinitely delayed. Specifically, Mr. Redmond could take significant time to locate and secure outside counsel. This delay would be prejudicial to the Acting Secretary and the workers whose wages were wrongfully withheld because of the Defendants' willful violations of the FSLA. However, this prejudice is eliminated if current counsel continues to represent Mr. Redmond (and the other corporate defendants) at the September 3, 2026 damages hearing, which will be brief and straightforward.

### III. Conclusion

This case has been pending since August 31, 2020. The affected employees have been waiting for years to receive the back wages they are owed as a result of Defendants' willful

---

[4] Should Mr. Redmond assert that he intends to represent himself or will secure counsel who will be prepared for the September 3, 2026 hearing, then the Acting Secretary does not object to Mr. Rush's and Mr. Valz's Motion to Withdraw as it pertains to Mr. Redmond. Absent this representation, the Court should deny Mr. Rush's and Mr. Valz's Motion to Withdraw as it pertains to Mr. Redmond.

violations of the FLSA. Now, on the eve of a final, brief hearing on damages, Mr. Rush and Mr.

Valz seek to leave three of the four defendants unrepresented, which will unnecessarily delay the

entry of what should be a largely uncontested judgment amount. The Acting Secretary

respectfully requests that Mr. Valz's and Mr. Rush's Motion to Withdraw be denied.


Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Jonathan Berry<br>Solicitor of Labor<br><br>Samantha N. Thomas<br>Regional Solicitor |
| (215) 861-4856 (voice)<br>(215) 861-5162 (fax) | Adam Welsh<br>Wage and Hour Counsel |
| stelmack.kyle.d@dol.gov<br>Brunson.Austin.S@dol.gov | */s/ Kyle D. Stelmack*<br>By: Kyle D. Stelmack<br>Trial Attorney |
| Date: August 7, 2026 | PA ID # 322944 |
| | */s/ Austin Brunson*<br>By: Austin Brunson<br>Trial Attorney<br>PA ID# 315931 |
| | Attorneys for Plaintiff |

## CERTIFICATE OF SERVICE

I certify that on August 7, 2026, I electronically filed *Plaintiff's Opposition to William R.A. Rush's and Norman M. Valz's Motion for Leave to Withdraw as Counsel for Defendants*, with the Clerk of Court by using the CM/ECF system, which will provide notice and an electronic link to this document to all attorneys of record.

<u>*/s/ Austin Brunson*</u>
Austin Brunson
Trial Attorney