**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EUGENE SCALIA, SECRETARY OF LABOR** | : | |
| **UNITED STATES DEPARTMENT OF LABOR** | : | |
| **Plaintiff,** | : | **Civil Action no. 5:20-cv-4265** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **BENE MARKET, LLC, NATIONAL BROKERS** | : | |
| **OF AMERICA, INC, ALAN REDMOND, and** | : | |
| **STEPHANIE MILLER** | : | |

## ORDER

**AND NOW**, this ________ day of _________________, 2026, upon consideration of Defendant Stephanie Miller's Motion for Allocation of Damages Liability and for Leave to Assert/Enforce Cross-Claim for Indemnification, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**:

1. Defendant Stephanie Miller is granted leave to introduce the June 20, 2018 Indemnification Agreement into evidence during the Assessment of Damages Hearing.
2. Co-Defendant Alan Redmond is determined to be 100% financially liable for any and all damages, assessments, or monetary judgments entered against Defendant Stephanie Miller in this matter pursuant to the terms of the June 20, 2018 Indemnification Agreement.
3. Defendant Stephanie Miller is granted leave to record and enforce her Cross-Claim for Express Indemnification against Co-Defendant Alan Redmond under Fed. R. Civ. P. 13(g).

**BY THE COURT:**

_______________________________
JEFFREY L. SCHMEHL, J.

**VAN DER VEEN, HARTSHORN & LEVIN**
TIMOTHY E. POSSENTI, ESQUIRE
ATTORNEY ID NO.: 76478
1219 Spruce Street
Philadelphia, PA 19107
(215)-546-1100
tpossenti@mtvlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EUGENE SCALIA, SECRETARY OF LABOR** | : | |
| **UNITED STATES DEPARTMENT OF LABOR** | : | |
| **Plaintiff,** | : | **Civil Action no. 5:20-cv-4265** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **BENE MARKET, LLC, NATIONAL BROKERS** | : | |
| **OF AMERICA, INC, ALAN REDMOND, and** | : | |
| **STEPHANIE MILLER** | : | |

**DEFENDANT STEPHANIE MILLER'S MOTION FOR ALLOCATION OF DAMAGES LIABILITY AND FOR LEAVE TO ASSERT/ENFORCE CROSS-CLAIM FOR INDEMNIFICATION AGAINST CO-DEFENDANT ALAN REDMOND**

Defendant, Stephanie Miller ("Miller"), by and through her undersigned counsel, respectfully moves this Honorable Court for an Order allocating liability during the upcoming Assessment of Damages Hearing and directing that Co-Defendant Alan Redmond ("Redmond") is 100% liable for all damages, judgments, or monetary assessments, and in support thereof states as follows:

1. On August 31, 2020, Plaintiff filed this action alleging violations of the Fair Labor Standards Act ("FLSA") against corporate defendants Bene Market, LLC ("Bene") and National Brokers of America, Inc. ("NBoA"), alongside individual defendants Alan Redmond and Stephanie Miller.
2. Plaintiff's theory of individual liability against Miller relies strictly on her formal title as titular Chief Financial Officer and a nominal 4% equity interest in Bene—a minority interest gifted to her by Redmond to compensate for prior separate investment losses.
3. At all relevant times, Co-Defendant Alan Redmond exercised complete, uninhibited operational control over both Bene and NBoA, directed all payroll schemes, established employee compensation structures, and dictated all business operations. Miller lacked any operational authority or control over employment practices or FLSA pay structures.
4. To the extent Miller was found liable strictly by operation of her nominal officer status and minor equity holding (calculated at approximately 4%), Co-Defendant Redmond

remains 100% responsible for the underlying conduct, financial control, and resultant liabilities.

5. On June 20, 2018, prior to the commencement of this action, Miller and Redmond entered into a valid, legally binding Indemnification Agreement (attached hereto as Exhibit A).

6. Under Section 1 of the Indemnification Agreement, Redmond explicitly agreed to:

   *"...indemnify and hold harmless Miller from any and all damages arising from or in connection with all of the various entities owned by Redmond, as well as financial indebtedness, governmental indebtedness, and any liability... that would have been incurred by Miller acting as a representative of any of the various companies."*

7. Section 2 of the Indemnification Agreement further mandates that Redmond's liability to Miller extends to *"all damages or cost incurred by Miller in any way or as a result of any judgments or costs incurred by Miller in... satisfying any of the potential claims..."*.

8. Under Federal Rule of Civil Procedure 13(g), a party may assert a cross-claim against a co-party if the claim arises out of the transaction or occurrence that is the subject matter of the original action, including claims that the co-party *"is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."*

9. Allowing the introduction and enforcement of this Indemnification Agreement during the Assessment of Damages Hearing will promote judicial economy, ensure an accurate determination of financial exposure between co-defendants, and ensure Miller is not improperly burdened by monetary liability that Redmond contracted to assume in full.

**WHEREFORE**, Defendant Stephanie Miller respectfully requests that this Court enter an Order:

1. Permitting the introduction of the June 20, 2018 Indemnification Agreement as evidence during the Assessment of Damages Hearing;
2. Directing that Co-Defendant Alan Redmond is 100% financially liable for any monetary judgment, restitution, or damages assessed against Miller arising from this action; and
3. Granting Miller leave to formally assert and record her Cross-Claim for Express Indemnification against Co-Defendant Alan Redmond pursuant to Fed. R. Civ. P. 13(g).

Respectfully submitted,

**VAN DER VEEN, HARTSHORN & LEVIN**

By: */s/ Timothy E. Possenti*
Timothy E. Possenti, Esq. (PA ID 76478)
1219 Spruce Street
Philadelphia, PA 19107
(215) 546-1100
tpossenti@mtvlaw.com
*Counsel for Defendant Stephanie Miller*

August 21, 2026

**VAN DER VEEN, HARTSHORN & LEVIN**
TIMOTHY E. POSSENTI, ESQUIRE
ATTORNEY ID NO.: 76478
1219 Spruce Street
Philadelphia, PA 19107
(215)-546-1100
tpossenti@mtvlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EUGENE SCALIA, SECRETARY OF LABOR** | : | |
| **UNITED STATES DEPARTMENT OF LABOR** | : | |
| **Plaintiff,** | : | **Civil Action no. 5:20-cv-4265** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **BENE MARKET, LLC, NATIONAL BROKERS** | : | |
| **OF AMERICA, INC, ALAN REDMOND, and** | : | |
| **STEPHANIE MILLER** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### I. PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Defendant Stephanie Miller ("Miller") in support of her Motion to introduce her June 20, 2018 Indemnification Agreement with Co-Defendant Alan Redmond ("Redmond") and establish full allocation of damages liability onto Redmond during the upcoming Assessment of Damages Hearing.

While Miller has been found nominally liable based on holding a titular corporate title and a 4% gifted equity share, the record demonstrates that Redmond exercised 100% operational control over the corporate entities. More critically, Redmond executed a binding written agreement to hold Miller harmless and indemnify her completely from governmental, financial, and corporate liabilities arising from his entities. Equity and Fed. R. Civ. P. 13(g) dictate that Redmond bear 100% of the monetary liability in this assessment.

### II. STATEMENT OF FACTS

1. **Redmond's Operational Control:** Co-Defendants Bene Market, LLC ("Bene") and National Brokers of America, Inc. ("NBoA") were completely controlled by Alan Redmond. Miller held a titular title of CFO and a 4% equity interest given to her solely because Redmond lost her initial $50,000 investment in NBoA.
2. **Lack of Operational Authority:** Miller did not establish compensation structures, determine employee pay rates, or manage general FLSA compliance practices.

3. **The June 20, 2018 Indemnification Agreement:** On June 20, 2018, Redmond and Miller executed a written agreement explicitly stating that *"Miller is not personally liable for any debts or obligations of the entities primarily owned by Redmond"* and that Redmond *"intends to hold Miller harmless for any debt, and indemnify her for any costs or losses incurred..."*.
4. **Governing Law & Scope:** Under Section 1 of the Agreement, Pennsylvania law governs, and Redmond agreed to indemnify Miller from *"any and all damages arising from or in connection with all of the various entities owned by Redmond, as well as financial indebtedness, governmental indebtedness, and any liability..."*.

## III. ARGUMENT

### A. Fed. R. Civ. P. 13(g) Authorizes Full Allocation and Indemnity Shifting Between Co-Defendants

Federal Rule of Civil Procedure 13(g) specifically provides that a cross-claim may be asserted against a co-party who *"is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."* In federal practice, cross-claims for express contractual indemnification are the standard procedural vehicle for allocating ultimate financial responsibility among co-defendants.

Where two defendants are held liable to a plaintiff, but one defendant possesses a clear contractual right of complete indemnification from the other, court efficiency requires addressing liability allocation during the damages assessment phase to avoid secondary, redundant litigation.

### B. Under Pennsylvania Law, the Express Indemnification Agreement Is Enforceable and Shifts 100% of Liability to Redmond

Section 6 of the Indemnification Agreement mandates that Pennsylvania law governs. Under Pennsylvania law, the court's review found "the true essence of those holdings is a simple recognition that in executing such a provision the indemnitor is not agreeing to insure the indemnitee against loss, but, rather is acknowledging that its own actions may result in liability being imposed upon the indemnitee, and that it will, in such cases, reimburse the indemnitee for that liability'. In this case, Redmond's actions resulted in the liability. *See Deskiewicz v. Zenith Radio Corp.*, 561 A.2d 33, 35 (Pa. Super. 1989).

Redmond's obligation is broad, clear, and unambiguous:

- **Section 1** explicitly covers *"governmental indebtedness, and any liability to any United States Department of Insurance [or authority] that would have been incurred by Miller acting as a representative of any of the various companies."*
- **Section 2** binds Redmond to *"all damages or cost incurred by Miller in any way or as a result of any judgments..."*

Because Miller's exposure stems strictly from her titular status as a representative/officer of Redmond's entities, the agreement directly encompasses the FLSA liability at issue.

**C. Relative Fault and Operational Control Mandate 100% Allocation to Redmond**

Even setting aside express contract provisions, indemnity principles under Pennsylvania common law operate to shift the entire burden from a party who is passively or technically liable to the party who actively caused the harm. *See Sirianni v. Nugent Bros., Inc.*, 506 A.2d 868, 871 (Pa. 1986). "The concept of common law indemnity in Pennsylvania was summarized by this Court in the case of *Builders Supply Co. v. McCabe*, 366 Pa. 322, 77 A.2d 368 (1951). There this Court, speaking through Mr. Justice Horace Stern, described the right of indemnity thusly:
The right of indemnity rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." Id. 366 Pa. at 325, 77 A.2d at 370.

Redmond retained complete operational control over all pay practices, company accounts, and corporate choices. Miller held no operational authority. Therefore, as between Redmond and Miller, Redmond must bear **100%** of any damages assessment rendered by the Court.

**IV. CONCLUSION**

For the foregoing reasons, Defendant Stephanie Miller respectfully requests that this Court grant her motion, order that Co-Defendant Alan Redmond is 100% liable to satisfy any damages or judgments assessed against Miller in this action, and allow the formal filing and enforcement of Miller's Cross-Claim for Indemnification.

Respectfully submitted,

**VAN DER VEEN, HARTSHORN & LEVIN**

By: */s/ Timothy E. Possenti*
Timothy E. Possenti, Esq. (PA ID 76478)
1219 Spruce Street
Philadelphia, PA 19107
(215) 546-1100
tpossenti@mtvlaw.com
*Counsel for Defendant Stephanie Miller*

August 21, 2026

## VERIFICATION

I, Stephanie Miller, verify that the facts set forth in the foregoing complaint are true and correct to the best of my knowledge, information, and belief. This verification is made subject the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Stephanie F Miller

**Dated:** August 25, 2026

# EXHIBIT A

**INDEMNIFICATION AGREEMENT**
**BETWEEN STEPHANIE MILLER AND ALAN REDMOND**

**THIS AGREEMENT**, made the 26 day of June, 2018, Alan Redmond, an adult individual with a business address of 8 The Green Suite A, Dover, Delaware 19901, party of the first part, hereinafter referred to as "Redmond" and Stephanie Miller, an adult individual residing at 485 Knorr Road, Gettysburg, Pennsylvania 17325, party of the second part, hereinafter referred to as "Miller."

**WHEREAS**, Miller is employed, and has been employed by various entities primarily owned by Redmond; and

**WHEREAS**, Miller, in the course of her employment, has signed agreements on behalf of the various entities owned by Redmond; and

**WHEREAS**, Redmond and Miller wish to set forth in writing that Miller is not personally liable for any debts or obligations of the entities primarily owned by Redmond; and

**WHEREAS**, Redmond intends to hold Miller harmless for any debt, and indemnify her for any costs or losses incurred as a result of the debts and liabilities of entities owned by Redmond.

**NOW, THEREFORE, WITNESSETH** intending to be bound hereby, the parties agree as follows

1. **Indemnify**. Redmond shall indemnify and hold harmless Miller from any and all damages arising from or in connection with all of the various entities owned by Redmond, as well as financial indebtedness, governmental indebtedness, and any liability to any Unites States Department of Insurance that would have been incurred by Miller acting as a representative of any of the various companies.

2. **Maximum liability**. Redmond agrees that his liability under this agreement will be equal to all damages or cost incurred by Miller in any way or as a result of any judgments or costs incurred by Miller in the defending or satisfying any of the potential claims as identified in Paragraph 1 above.

3. **Defense of Claim**. Redmond shall have the right to assume the defense of any claim or litigation instituted against Miller as a result of her employment with the various entities primarily controlled by Redmond. Miller shall cooperate and participate to the extent necessary to aide Redmond in the defense of the claim. Miller may participate in the claim in her own defense, at her own expense, unless Miller shall have reasonably concluded (upon a written opinion of outside counsel) that there is a reasonable likelihood of a conflict of interest between Redmond and Miller in such action, in which case the fees and expenses of Miller's separate counsel shall be at the expense of Redmond.

4. **Entire Agreement**. This Agreement embodies and constitutes all of the terms and conditions of the parties' agreement, and supersedes all prior and contemporaneous, oral and written, discussions, negotiations, understandings, and agreements. This Agreement may not be modified in any way other than in writing executed by all of the Parties to this Agreement.

5. **Counterparts**. This Agreement may be executed in counterparts, each of which shall constitute an original, but all of which when taken together shall constitute one instrument. A signature by facsimile or e-mail shall be deemed to be an original signature, provided that the original signature is preserved.

6. **Governing Law**. This Agreement shall be construed in accordance with and be governed by the internal laws of the Commonwealth of Pennsylvania without regard to principles of conflicts of law.

7. **Venue**. Any disputes regarding this Agreement shall be heard in the Adams County Court of Common Pleas, or in the U.S. District Court for the Middle District of Pennsylvania.

8. **Severability**. If any term of this Agreement shall to any extent be declared invalid or unenforceable, the remainder of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

9. **Construction**. Each of the undersigned has participated in the drafting of this Agreement, and this Agreement shall not be construed against any party as the drafter.

10. **Authority**. Each of the undersigned has the right and authority to execute this Agreement.

11. **Representations**. The Parties represent and warrant that each has determined that the terms of this Agreement are fair and reasonable and that determination has been based solely upon the independent and informed judgment of each Party. No Party has relied upon or been induced to enter into this Agreement by any statement, representation or warranty not contained within this Agreement, and each Party agrees that all rights and obligations under this Agreement shall be construed as if each Party made a full investigation of all facts related hereto and relied upon their own independent judgment exercised in light of full factual disclosure. In making this determination, each Party has had a full and complete opportunity to discuss this Agreement with independent legal counsel of their own choosing.

12. **Captions**. The titles or captions of the paragraphs or sections contained in this Agreement are inserted only as a matter of convenience and for reference, and in no way define, extend or describe the scope of this Agreement or the intent or meaning of any provision hereof.

13. **Attorney Fees and Costs**. If any party to this Agreement files a lawsuit to enforce this Agreement, the prevailing party shall be entitled to their actual attorney's fees and costs incurred in prosecuting or defending against such lawsuit.

**IN WITNESS WHEREOF**, the parties have hereunto have executed the present Agreement the day and year first above written.

**WITNESS:**

______________________ ______________________
**Alan Redmond**

______________________ ______________________
**Stephanie Miller**

**CERTIFICATE OF COMPLIANCE**

The undersigned, hereby certify that this filing complies with the provisions of the Federal Rules that prohibit filing confidential information and documents that contain personal information.

**VAN DER VEEN, HARTSHORN & LEVIN**

By: /s/ Timothy E. Possenti
Timothy E. Possenti

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATE DEPARTMENT OF LABOR,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| vs. | : | **No. 5:20-cv-4265** |
| | : | |
| **BENE MARKET, LLC, NATIONAL BROKERS, OF AMERICAN, INC, ALAN REDMOND, AND STEPHANIE MILLER** | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Timothy E. Possenti, Esquire, do hereby certify that a true and correct copy of the foregoing Motion has been served upon the following persons through the efilng system and via email in accordance with the Rules of Civil Procedure:

**Kyle D. Stelmack**
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
Mailstop SOL/22
Philadelphia, PA 19103
Attorney for Plaintiff
Email: Stelmack.Kyle.D@dol.gov
(215) 861-4856
(215) 861-5162 (fax)

**Austin S. Brunson**
Office of the Solicitor
United States Department of Labor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103
Email: Brunson.Austin.s@dol.gov
Attorney for Plaintiff

**Alexander Edward Gosfield**
Department of Labor
1835 Market Street
Ste Mailstop SOL/22
Philadelphia, PA 19103
Email: Gosfield.Alexander.E@dol.gov
Attorney for Plaintiff

**William Richard Allen Rush**
Rush Law Group
38 N. 6th Street
P.O. Box 0758
Reading, PA 19603-0758
Email: wrush@rushlawberks.com
Attorney for Defendant

**Norman M. Valz**
Law Offices of Norman M. Valz, P.C.
490 Norristown Road Ste 151
Blue Bell, PA 19422
Email: nvlaz@msn.com
Attorney for Defendant

**VAN DER VEEN, HARTSHORN & LEVIN**

By: /s/ Timothy E. Possenti
Timothy E. Possenti

**8/25/2026**