**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEITH E. SONDERLING<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR<br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 20-4265 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT STEPHANIE MILLER'S MOTION FOR "ALLOCATION OF DAMAGES LIABILITY AND FOR LEAVE TO ASSERT/ENFORCE CROSS-CLAIM FOR INDEMNIFICATION"**

This Court has already ruled -- multiple times -- that Defendant Stephanie Miller is jointly and severally liable for all back wages and liquidated damages that are ultimately awarded in this matter. First, over two years ago, the Court granted Plaintiff's Motion for Partial Summary Judgment and found Defendant Miller to be a an "employer" under Section 3(d) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d). ECF No. 113, 114. Defendant Miller made her first attempt to relitigate that issue, on the eve of the originally scheduled damages hearing, by filing an unsupported Motion to Strike and/or Open Summary Judgment. ECF No. 133. That Motion was properly denied. ECF No. 138. Defendant Miller now, again on the eve of the damages hearing and after approximately six years of litigation, files the instant Motion in an attempt avoid liability in this matter and relitigate issues that have already been decided. ECF No. 145.

Apart from being an untimely, last-gasp effort to relitigate the Court's prior liability determination, the crux of Defendant Miller's Motion – that this Court can somehow reduce her liability based upon an indemnification agreement between herself and Defendant Alan

Redmond – is contrary to longstanding law. Although Defendant Miller's motion is confusing about the relief it seeks, she appears to ask the Court to actually reduce the amount awarded against her (i.e., the amount to which she is liable to the Acting Secretary and, ultimately, the affected employees) when it enters its final judgment in the case. Such a result would run directly contrary not only to this Court's previous decision but to well-established law imposing joint and several liability among employers pursuant to the Fair Labor Standards Act. To the extent Defendant Miller seeks only to hold Redmond liable to her pursuant to the indemnification agreement, that relief would still run afoul of the FLSA. Numerous courts (including in the Third Circuit) have rejected the right to any sort of indemnification for FLSA violations. Defendant Miller's Motion should be denied.

## I. Factual and Procedural Background

The Complaint in this matter was filed on August 31, 2020. ECF No. 1. Defendants, including Defendant Miller, filed their Answer on September 30, 2020. ECF No. 3. Nowhere in the Answer does any Defendant raise the issue of indemnification, nor were any crossclaims filed at that time. *Id*.

On December 21, 2020, Plaintiff served a First Set of Interrogatories on all Defendants. *See* Ex. 1, Plaintiff's First Set of Interrogatories. Defendant Miller separately responded to these interrogatories on April 23, 2021. *See* Ex. 2, Defendant Miller's Responses to Plaintiff's Interrogatories. Nowhere in her responses to Plaintiff's Interrogatories does Defendant Miller raise the existence of an indemnification agreement. *Id*. Defendant Miller also sat for a deposition on April 29, 2026, where, once again, she fails to raise the existence of an indemnification agreement between her and Defendant Redmond, despite being specifically

asked about potential affirmative defenses. *See* Ex. 3, Defendant Miller's Deposition Transcript at 146-153.

On February 15, 2024, the parties filed cross-motions for summary judgment. ECF No. 78, 79. Importantly, nowhere in Defendants' Motion for Summary Judgment do they raise the issue of indemnification, nor do they attach an indemnification agreement as an exhibit. ECF No, 78. Similarly, nowhere in Defendants' Opposition to Plaintiff's Motion for Summary Judgment, or their reply in support of their own Motion for Summary Judgment, do Defendants argue that Defendant Miller was relieved of FLSA liability due to an indemnification agreement. ECF No. 91, 95.

On March 19, 2024, the Court granted Plaintiff's Motion for Partial Summary Judgment and found Defendant Miller jointly and severally liable as an "employer" under Section 3(d) of the FLSA, 29 U.S.C. § 203(d). ECF No. 113, 114. In its decision, the Court found that Defendant Miller helped devise Bene Market's pay practices, was consulted when implementing new pay structures, and provided input when Defendant Alan Redmond was considering how to pay Bene Market employees and determining whether those employees would be exempt or non-exempt. ECF No. 113 at 3-4. In addition, the Court found that Defendants had willfully violated Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206 and 207, and that Defendants were liable for liquidated damages in amount equal to their back wage liability. ECF 113, 114. Therefore, following summary judgment, the only remaining issue for the Court to decide is the amount of back wages and liquidated damages (which must be equal to the back wage amount) owed by Defendants.

Following summary judgment, the Court moved forward with scheduling a damages hearing, which was rescheduled on several occasions. ECF Nos. 122, 125, 126. On April 24, 2025, attorney Bruce L. Castor and the law firm of van der Veen, Hartshorn, Levin & Lindheim

entered their appearance on behalf of Defendant Miller and requested a further continuance of the damages hearing that was scheduled for April 29, 2025. ECF Nos. 127, 128. Defendant Miller, through counsel, filed a letter with the Court on May 20, 2025, claiming that she was unaware of the current action and advising the Court that she intended to file a Motion to Open Summary Judgment. ECF No. 129. This letter made no mention of any indemnification agreement. *Id*.

Defendant Miller filed her Motion to Open and/or Strike Summary Judgment on May 30, 2025, wherein she argued that she should not have been found jointly and severally liable under the FLSA and raised, for the first time, the existence of the indemnification agreement. ECF No. 133-1 at 4-7. In opposition, the Plaintiff argued that Defendant Miller certainly had knowledge of this action, and her status as a Defendant, since at least April 2021. ECF No. 137 at 6-8. Regarding the indemnification agreement, Plaintiff argued, as discussed in more detail below, that indemnification agreements do not release employers of liability under the FLSA. *Id*. at 11-12. On March 30, 2026, the Court denied Defendant Miller's Motion. ECF No. 138.[1] *Id*.

Upon motion of the Plaintiff, the Court scheduled a damages hearing for September 2, 2026, which was later rescheduled to September 3, 2026. ECF Nos. 140, 142. The instant Motion was filed by Defendant Miller on August 25, 2026 – less than ten days before the scheduled hearing.[2] ECF No. 145.

[1] Defendant Miller subsequently appealed this Order to the Third Circuit. ECF No. 139. This appeal is improper. As the issue of damages remains outstanding there was no "final decision" of the Court for Defendants to appeal. *See* 28 U.S.C. § 1291. Moreover, the appealed order was not properly certified for an interlocutory appeal. *See* 28 U.S.C. § 1292(b). Even assuming, *arguendo*, that Defendant Miller's appeal was a proper interlocutory appeal, such an appeal does not stay proceedings in the District Court. *Id*.

[2] Also pending before the Court is the Motion of William R.A. Rush and Norman M. Valz for Leave to Withdraw as Counsel for Defendants Bene Market, LLC, National Brokers of America,

## II. Argument

### a. Defendant Miller is Jointly and Severally Liable Under the FLSA and that Liability Cannot be Shifted Pursuant to an Indemnification Agreement

This Court has already ruled that Defendant Miller is an "employer" under Section 3(d) of the FLSA and that she is jointly and severally liable for back wages and liquidated damages due. ECF No. 113, 114. Defendant Miller now seeks to reverse this finding and upend longstanding precedent by asking this Court to allocate 100% liability to Defendant Alan Redmond. ECF 145 at 6, 7. Defendant Miller cites no authority which permits such an allocation of liability under the FLSA and chooses to ignore all authority to contrary. Even if the purported indemnification agreement were valid under the FLSA – which it is not – Defendant Miller cannot use it to avoid liability in this matter.

Employers are jointly and severally liable for violations of the FLSA and they can be held responsible for the violations of other individuals and organizations that qualify as an employer. *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 148-49 (3d Cir. 2014). This principle is well-settled. Defendant Miller now seeks to undermine this longstanding principle, without citing any supporting FLSA authority, by asking the Court to allocate liability amongst Defendants due to the existence of an indemnification agreement. In other words, Defendant Miller seeks not simply to enforce the indemnification agreement and recover from Defendant Redmond the amount for which she is found liable. That (as discussed *infra*) is itself improper, but she appears to go further by asking the court for an "allocation of damages liability" such that Redmond is 100% liable and she has no liability. (ECF 145 at 6). Such a suggestion flies in the face of the very definition of joint and several liability. "Inherent in the concept of joint and

---

Inc., and Alan Redmond. ECF No. 141. Plaintiff filed an Opposition to this Motion on August 7, 2026. ECF No. 144.

several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him…." *Janny Montgomery Scott, Inc. v. Shepard Niles, Inc.* 11 F.3d 399, 412 (3d Cir. 1993). Indeed, it is a "necessary consequence" of joint a several liability that a defendant may have to shoulder the entire judgment should they be found liable. *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 319 (3d Cir. 2007). Although, in certain circumstances, a liable defendant may have the opportunity to seek indemnification and/or contribution from another potentially liable defendant, that action is between the two liable defendants, and does not foreclose the Plaintiff's ability satisfy the entire judgment from a single liable defendant.[3] *See Sullivan-Blake v. FedEx Ground Package System, Inc.*, No. 2:18-cv-01698-RJC, 2020 WL 2572273, at *8-9 (W.D. Pa. May 21, 2020) (discussing defendants' right to pursue indemnification against an unnamed defendant). Defendant Miller may therefore not avoid judgment in this matter due to the existence of the indemnification agreement. The FLSA's broad definition of "employer" and abundant precedent (including Third Circuit law) holding all FLSA employers jointly and severally liability prohibits the "allocation" Defendant Miller seeks. *See In re Enterprise Rent-A-Care Wage & Hour Emp't Prac. Litig.*, 683 F.3d 462, 467-68 (citing *United States v. Rosenwasser*, 323 U.S. 360, 363 n. 3 (1945)) (Definition of employer is "the broadest definition that has ever included in any one Act."); *Thompson*, 748 F.3d at 148 ("[E]ach joint employer may be held jointly a severally liable for the FLSA violations of other, in addition to direct liability for its own violations."); *Su v. Nursing Home Care Management Inc.*, No. 21-cv-02583, 2023 WL 3440237, at *3-4 (finding that "under

[3] Plaintiff does not concede that the indemnification agreement in this matter is valid as to Miller's FLSA liability and that Miller would be entitled to recoup from Redmond in a separate action. In fact, as discussed *infra*, courts have routinely found there is no right to indemnification under the FLSA.

Third Circuit precedent and the FLSA" individual defendant was joint employer who is jointly and severally liable for FLSA violations); *Acosta v. Central Laundry, Inc.*, No. 18-190, 2019 WL 3413514, at *15 (E.D. Pa. July 29, 2019) (finding individual defendants jointly and severally liable for violations of the FLSA); *Jackson v. Art of Life, Inc.*, 836 F.Supp.2d 226, 235 (E.D. Pa. 2011) (finding corporate officer with operational control to be jointly and severally liable for FLSA violations); *Rodriguez v. MRC Bakery Corp.*, 802 F.Supp.3d 393, 420-421 ("'[A]n employee may be jointly employed by two or more employers,' and '[i]n such cases, joint employers are subject to joint and several liability for FLSA violations.'") (citations omitted); *Triblett v. Arora*, No. 23-cv-993-JPS, 2024 WL 865802, at *5-6 (E.D. Wis. Feb. 29, 2024) (finding corporation and individual jointly and severally liable for FLSA violations); *Hernandez-Perez v. Venegas*, No. DR-17-cv-00054-AM, 2023 WL 12263626, at *4 (W.D. Tx. Dec. 18, 2023) ("All entities that are employers within the meaning of the FLSA are jointly and severally liable for all damages that stem from failure to comply with provisions of the FLSA.") (citations omitted).

Allowing the allocation of liability sought by Defendant Miller would also be contrary to the very purpose of the FLSA. "[T]he statute was designed to regulate the conduct of employers for the benefit of employees…." *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 144 (2d. Cir. 1999). Permitting employers, such as Defendant Miller, to shift liability amongst defendants would undercut this purpose, and allow an employer to contract away their obligations under the FLSA. *See Gustafson v. Bell Atlantic Corp*., 171 F.Supp.2d 311, 328 (S.D. N.Y. 2001); *Lee v. Krystal Co.*, No. 11-06287-WS-C, 2013 WL 424656, at *3 (S.D. Al., Feb. 4, 2013) ("Allowing employers…to shirk their FLSA obligations on the theory that someone else…will foot the bill…would be antithetical to the compelling public policy considerations animating the

FLSA."). Defendant Miller has been found jointly and severally liable for violations of the FLSA. She cannot, at this late hour, attempt to contract away this liability.

**b. No Right to Indemnification Exists Under the FLSA**

Even if Defendant Miller were only seeking to enforce her indemnification agreement and recover from Redmond any amount for which she is liable, that untimely crossclaim would still be improper. The indemnification agreement Defendant Miller attempts to use as the crux of her arguments is invalid under the FLSA. Although not specifically addressed by the Third Circuit, courts of this Circuit, and Courts of Appeals in other circuits, have overwhelmingly ruled that there is no right to indemnification under the FLSA. *See Dalanas v. Uni-Kem Chemicals, Inc.*, No. 19-01369, 2020 WL 12655561, at *1, n. 1 (E.D. Pa., March 30, 2020) (stating that defendants' claims for indemnification and contribution for FLSA liability fail as a matter of law); *Berryman v. Newalta Environmental Services, Inc.*, No. 18-793, 2018 WL 5631169, at *3 (W.D. Pa. Oct. 31, 2018) ("[C]outs have uniformly agreed that an employer found liable under the FLSA has not right to contribution or indemnity…."); *Kaskey v. Osmose Holdings, Inc.*, No. 13-4825, 2014 WL 1096149, at *6-7 (E.D. Pa. March 20, 2014) ("[T]here is no implied federal or state created right for an employer sued under FLSA to seek indemnity of contribution…."); *Scalia v. Employer Solutions Staffing Group, LLC*, 951 F.3d 1097, 1103-05 (9th Cir. 2020) (finding that the FLSA does not implicitly grant a right to indemnification, nor does it exist under federal common law); *RSR Sec. Services*, 172 F.3d at 144 (finding no right of indemnification or contribution under the FLSA); *Lyle v. Food Lion*, 954 F.2d 984, 987 (4th Cir. 1992) (affirming dismissal of employer's counterclaim and third-party complaint for indemnity against plaintiff-supervisor for plaintiffs' FLSA claims); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (affirming dismissal of employer's counterclaim for common-law indemnity in

FLSA action); *Krystal Co.*, 2013 WL 424656, at *3 (finding crossclaim failed to state claim because no right to indemnity or contribution existed under FLSA); *Gustafson*, 171 F.Supp.2d at 328 (no right to indemnification for damages assessed under the FLSA); *McDougal v. G&S Tobacco Dealers*, *L.L.C.*, 712 F.Supp.2d 488, 496 (N.D. W.Va. 2010) ("A number of cases have addressed the issue of whether there is a right to contribution or indemnification for employers held liable under the FLSA and have held there is none."); *Villareal v. El Chile, Inc.*, 601 F.Supp.2d 1011, 1015-16 (N.D. Ill. 2009) (dismissing, with prejudice, defendants' counterclaim for indemnity with respect to plaintiffs' FLSA claim).

Defendant Miller, once again, cites to no authority that contradicts these well-reasoned precedents. She not only ignores the above cases; she ignores FLSA law entirely. Rather, Defendant Miller cites only to state law in support of her position that she is entitled to indemnification. None of the cases cited by Defendant Miller address the issue of indemnification under the FLSA and, to the extent Defendant Miller suggests that state law provides her an avenue for relief, Courts have uniformly ruled that the FLSA's statutory scheme preempts state law. *See e.g. RSR Sec. Services*, 172 F.2d at 144 ("FLSA's remedial scheme is sufficiently comprehensive as to preempt state law…."). Defendant Miller's crossclaim for indemnification must therefore fail as no such right to indemnification exists under the FLSA.

**c. The Indemnification Agreement is Irrelevant to the Question of the Amount of Damages Owed**

Defendant Miller seeks leave to introduce the indemnification agreement at the damages hearing in this matter. However, the only issue to be adjudicated at that hearing is the amount of back wages and liquidated damages owed by Defendants. The indemnification agreement is irrelevant to that question.

Evidence is relevant if it: (1) has any tendency to make a fact more or less probable than it would be without evidence; or (2) the fact is of consequence in determining the action. Fed. R. Civ. P. 401(a)-(b). Here, the indemnification agreement fails to satisfy this standard. It in no way makes the amount of back wages and liquidated damages more or less probable, nor is it of consequence in determining the action. The Court has already determined that Defendants violated the FLSA, that liquidated damages are due, and that Defendant Miller is jointly and severally liable. All that remains is determining the final number of damages. The indemnification agreement in no way impacts those calculations. The indemnification agreement is therefore irrelevant and should be precluded from evidence at the upcoming hearing.

**d. Defendant Miller's Motion is Untimely and the Crossclaim Should be Dismissed**

Defendant Miller's Motion, filed less than ten days before a damages hearing in this matter, should be dismissed as untimely. While Rule 13(g) does not set a timeline for filing of a cross claim, "[t]he decision whether to allow a cross-claim that meets the test of subdivision (g) is a matter of judicial discretion." *Luyster v. Textron, Inc.* 266 F.R.D. 54, 64 (S.D. N.Y. 2010) (citing 6 Wright et al., Federal Practice & Procedure § 1431, at 242); *Fogel v. United Gas Imp. Co.*, 32 F.R.D. 202, 203 (E.D. Pa. 1963) ("Neither the federal rules nor the rules of this court impose any limitation on the time when cross-claims may be filed."); Fed. R. Civ. P. 13(g). Most courts will balance "the interests of judicial economy and general policy of avoiding multiple suits relating to the same events against the possibilities of prejudice or surprise to the other parties and decide the question of timeliness accordingly." *Luyster,* 266 F.R.D. at 65; *see also Fogel*, 266 F.R.D. at 203-04 ("[T]his court can and will control third-party actions and cross-claims actions in such a way that justice will be done to all parties and the brining of the original action to trial will not be retarded by them….").

Here, Defendant Miller's Motion is untimely and should be rejected. The indemnification agreement attached to Defendant Miller's Motion is dated June 26, 2018, nearly two years before this action was even initiated. Despite this, the indemnification agreement is not raised in any of the Defendants' filings – including their Answer and Motion for Summary Judgment. It was not until Defendant Miller filed her Motion to Open and/or Strike Summary Judgment that she raised the existence of the indemnification agreement. *See* ECF No. 133-1. The reason for this delay is, presumptively, Defendant Miller's assertion that she was unaware of this litigation. *Id*. However, as the Court noted in its Order Denying Defendant Miller's Motion to Open and/or Strike, her deposition testimony confirms she was aware of this litigation since at least April 2021. ECF No. 138. Despite this, over six years passed before Defendant Miller attempted to actually assert a crossclaim. At the very least, this crossclaim should have been filed at the time Defendant Miller's current counsel entered their appearance over a year ago. Instead, Defendant Miller waited until there was less than ten days before a scheduled damages hearing to file this instant Motion.

The filing of this Motion at this late hour will inevitably delay these proceedings and prejudice the Plaintiff. By filing less than ten days before the hearing, Defendant Miller has deprived Plaintiff of the allowed fourteen days to respond pursuant to this Court's Local Rules. Moreover, this filing, which is completely unsupported by law, does nothing more than delay the Court's final judgment in this matter. This Motion will need to be disposed of before any ruling on damages can be made, thereby delaying final judgment in this matter. Finally, Defendant Miller has provided no reasonable basis for her prolonged delay in filing this Motion. Over five years have passed since she undisputedly knew of this litigation, and over a year has passed since currently counsel was retained. If Defendant Miller truly felt this Motion was meritorious –

which it clearly is not – it should have been filed promptly and not at the eleventh hour. Defendant Miller's Motion should therefore be found to be untimely.[4]

### III. Conclusion

Defendant Miller's Motion is unsupported and untimely. Therefore, for all of the reasons stated herein, the Plaintiff respectfully requests that this Court deny Defendant Miller's Motion.

Respectfully submitted,

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103

(215) 861-4856 (voice)
(215) 861-5162 (fax)

stelmack.kyle.d@dol.gov
Brunson.Austin.S@dol.gov

Date: September 1, 2026

**UNITED STATES DEPARTMENT OF LABOR**

Jonathan Berry
Solicitor of Labor

Samantha N. Thomas
Regional Solicitor

Adam Welsh
Wage and Hour Counsel

*/s/ Kyle D. Stelmack*
By: Kyle D. Stelmack
Trial Attorney
PA ID # 322944

*/s/ Austin Brunson*
By: Austin Brunson
Trial Attorney
PA ID# 315931

Attorneys for Plaintiff

---

[4] Should Defendant Miller argue that her Motion is a Motion *in limine* to allow her to introduce the indemnification agreement at hearing, it is still untimely. This Court requires motions *in limine* to be filed ten days before trial. *See Policies and Procedures*, Judge Jeffry L. Schmehl, Section I.7, P. 10. As discussed above, Defendant Miller's Motion was filed less than ten days before hearing. Even if the Court were to accept Defendant Miller's Motion as a motion *in limine*, it should be denied as the indemnification agreement is irrelevant to the question damages.

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, I electronically filed *Plaintiff's Opposition to Defendant Stephanie Miller's Motion*, with the Clerk of Court by using the CM/ECF system, which will provide notice and an electronic link to this document to all attorneys of record.

*/s/ Kyle D. Stelmack*
Kyle D. Stelmack
Trial Attorney