IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,[1]<br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, et al.,<br>Defendants. | Civil Action No. 5:20-cv-04265<br><br>Hon. Jeffrey L. Schmehl<br><br>Damages Hearing:<br>September 3, 2026, 1:30 p.m. |

**DEFENDANT ALAN REDMOND'S NOTICE OF INABILITY TO APPEAR AND WRITTEN OBJECTIONS PRESERVED IN LIEU OF APPEARANCE AT THE SEPTEMBER 3, 2026 DAMAGES HEARING**

Defendant Alan Redmond, appearing pro se and in his individual capacity only, respectfully submits this Notice and the written objections set forth below. Mr. Redmond is unable to appear at the damages hearing scheduled for September 3, 2026 at 1:30 p.m. He does not seek to delay the hearing, and he understands that his request for a continuance has been denied. He submits these objections in writing so that the record reflects his position on the matters to be addressed, and he respectfully requests that the Court consider them, and permit a short post-hearing submission on the two matters identified in Sections III and IV, before entering any determination as to him individually. Nothing in this filing waives any right, and Mr. Redmond does not consent to the entry of any finding against him on an uncontested record.

## I. BACKGROUND

1. Summary judgment as to liability was entered in this FLSA action, and the matter was set for a hearing on damages. The hearing has been rescheduled several times at the request of other parties, most recently by this Court's order of August 31, 2026, moving the hearing from 2:00 p.m. to 1:30 p.m. on September 3, 2026 (ECF 146).



Defendant reserves all rights under the Fifth Amendment; nothing herein waives any right or defense in Case No. 24-376 (E.D. Pa.).

2. On July 24, 2026, counsel of record for Mr. Redmond, William R.A. Rush, Esquire and Norman M. Valz, Esquire, filed a joint Motion for Leave to Withdraw as counsel for Mr. Redmond, NBOA, Bene Market, LLC, and Ms. Miller (ECF 141). Plaintiff opposed the withdrawal as to the entity defendants (ECF 144). The motion has not been ruled upon. Mr. Redmond has received no communication of any kind from Mr. Valz since July 2025 - a period of approximately fourteen months. Mr. Redmond was not informed by counsel of the withdrawal motion, of the scheduling orders of August 3, 2026 (ECF 143) or August 31, 2026 (ECF 146), of co-defendant Stephanie Miller's August 25, 2026 Motion for Leave to File a Cross-Claim for Indemnification (ECF 145), or of Plaintiff's September 1, 2026 opposition thereto (ECF 147). Mr. Redmond learned of each of these filings on September 2, 2026, through his own review of the docket.

3. Because ECF 141 remains pending, Mr. Rush and Mr. Valz remain counsel of record. Neither has communicated with Mr. Redmond regarding the September 3 hearing, the relief Plaintiff intends to seek at it, or the cross-claim filed against him. Mr. Redmond files this motion on his own behalf because no one else will.

4. Mr. Redmond is the defendant in *United States v. Redmond*, No. 5:24-cr-00376, pending before this Court. The Superseding Indictment charges twenty-seven counts, including seven counts under 26 U.S.C. § 7202 (Counts 21-27) alleging that Mr. Redmond was the person responsible for collecting, accounting for, and paying over employment taxes of Bene Market, LLC and Seguro Medico, LLC. Trial is scheduled for January 12, 2027. Trial counsel, Benjamin B. Cooper, Esquire, entered his appearance on August 3, 2026 (ECF 162-164 in the criminal matter). Mr. Cooper first learned of this hearing, the withdrawal motion, and the pending cross-claim on September 2, 2026, from Mr. Redmond himself, and has not had the opportunity to review this civil action or to advise Mr. Redmond regarding it.

5. Mr. Redmond is also a debtor in a pending Chapter 7 case, *In re Redmond*, No. 4:24-bk-13093 (Bankr. E.D. Pa.).

## II. CIRCUMSTANCES BEARING ON THIS SUBMISSION

6. **Absence of notice through counsel.** A party who has received no communication from counsel of record for fourteen months, and who learns of a withdrawal motion and two scheduling orders the day before a damages hearing, has not had a meaningful opportunity to prepare. These circumstances are set out not to reargue the continuance, but because they bear directly on the weight the Court may give to an uncontested record.

7. **Unresolved representation status.** Proceeding to an evidentiary hearing on damages while a motion to withdraw is pending, and the party does not know whether he is represented, invites precisely the confusion Rule 1 counsels against.

8. **The pending cross-claim.** Ms. Miller's motion for leave to assert a cross-claim for indemnification against her co-defendants (ECF 145) was filed nine days ago and is opposed by Plaintiff (ECF 147). A damages determination entered while a motion to reallocate that very liability among co-defendants remains undecided risks inconsistent adjudication and duplicative proceedings.

8A. **What Mr. Redmond has been unable to do.** As of the date of this filing, Mr. Redmond has been unable to: (a) respond to Ms. Miller's motion for leave to file a cross-claim (ECF 145) within the fourteen days permitted by Local Rule 7.1(c) - a period that has not yet run and that expires *after* the scheduled hearing; (b) obtain his client file, including the payroll records and Schedule A workpapers, from withdrawing counsel, see Pa. R. Prof. Conduct 1.16(d); (c) prepare written objections to Plaintiff's Schedule A computation (ECF 118), including the treatment of regular and overtime hours; (d) permit criminal trial counsel to assess the Fifth Amendment implications of any testimony; and (e) give notice of the impending damages determination to the Chapter 7 trustee, whose estate any judgment would affect. None of these steps was possible before September 2, 2026, because Mr. Redmond did not know the hearing was proceeding.

8A-1. **The representation history bearing on notice.** Mr. Rush entered his appearance for Bene Market, LLC and Mr. Redmond on February 25, 2021, and for National

Brokers of America, Inc. and Ms. Miller on March 16, 2021 (ECF 141, para. 1). He was therefore counsel of record on July 19, 2021, when this Court entered the sanctions Order (ECF 38), and throughout the accrual period Plaintiff now proposes to liquidate. Mr. Valz entered his appearance for all four Defendants on August 14, 2023 (ECF 141, para. 1). Mr. Rush and Mr. Valz filed the pending withdrawal motion jointly on July 24, 2026, stating that Defendants have not communicated with them and have not paid them for more than a year (ECF 141, paras. 4-5). Mr. Redmond does not litigate those assertions here. He notes only the consequence. Both attorneys corresponded with Mr. Redmond about this action and related wage claims well after the period they describe - Mr. Valz last as to this action on June 5, 2025, and Mr. Rush on dates including August 1, 2025, September 22, 2025, January 13, 2026, and February 19, 2026 (Ex. A, paras. 4-8). They are the same attorneys through whom notice of this hearing, of Plaintiff's sanctions request, and of Ms. Miller's cross-claim would have had to reach him, and no such notice reached him. Whatever the cause, the practical effect is that a represented party arrives at an evidentiary hearing without notice of the relief to be sought at it.

8A-2. **The second mid-case transition of the defense function in 2026.** Mr. Redmond notes that this is the second such transition he has experienced this year. In *United States v. Redmond*, No. 5:24-cr-00376 (E.D. Pa.), Mr. Rush petitioned to withdraw as counsel for Mr. Redmond and the entity defendants on March 23, 2026 (crim. ECF 108, as amended crim. ECF 109). The Government responded (crim. ECF 110), Mr. Redmond responded personally (crim. ECF 113), and following a hearing held April 14, 2026 (crim. ECF 117), the Court held the petition in abeyance by order entered April 16, 2026 (crim. ECF 118). The petition was granted on May 20, 2026 (crim. ECF 121), and the Court directed Mr. Redmond and the entity defendants to retain replacement counsel by June 3, 2026 (crim. ECF 122). Mr. Redmond filed personally during the intervening period to preserve his rights (crim. ECF 125, 132), the Court set a substantive pretrial-motion deadline of July 17, 2026 (crim. ECF 135), and appointed counsel was directed to confer with the Third Circuit case-budgeting attorney on June 18, 2026

(crim. ECF 136). Mr. Redmond raises this history not to relitigate it - this Court managed it - but because the same pattern is now repeating on a compressed timeline: counsel of record moves to withdraw immediately before the consequential phase of the case, and the party learns of the consequential phase from the docket rather than from counsel.

8A-3. **Capacity.** Mr. Redmond appears here in his individual capacity only. He does not purport to speak for National Brokers of America, Inc. or Bene Market, LLC, which are artificial entities requiring licensed counsel and whose representation is the subject of Plaintiff's opposition at ECF 144. Nothing in this filing should be construed as a filing by or on behalf of either entity.

8B. **Sanctions to be determined without notice.** Plaintiff's August 7, 2026 filing (ECF 144, n.3) states that Plaintiff intends to seek at the September 3 hearing an award of monetary sanctions under this Court's July 19, 2021 Order (ECF 38) in the approximate amount of $442,500, and asserts that no witness is needed to calculate that sum. No scheduling order in this matter identifies the hearing as one at which sanctions will be liquidated, and Mr. Redmond first learned of Plaintiff's intention on September 2, 2026. The same Order bars Defendants from using unproduced documents in evidence. Mr. Redmond, who has no file, cannot presently determine what was produced, when, or by whom, and has had no opportunity to be heard on the accrual period Plaintiff proposes. Liquidating a sanction of that magnitude against a pro se party who received no notice of the request through his counsel of record is a matter on which a brief continuance is warranted independent of every other ground stated here.

8C. **Potential conflict of counsel for Ms. Miller.** Ms. Miller's cross-claim (ECF 145) is filed by van der Veen, Hartshorn, Levin & Lindheim. In October 2023, arrangements were made for Mr. Redmond to consult a member of that firm regarding the then-anticipated federal criminal matter, and written material concerning Mr. Redmond and the related entities was transmitted to that firm in advance of the meeting (Ex. A, paras. 11-12; Ex. A-3 through A-6).

Mr. Redmond was advised in April 2025 that an attorney of that firm had appeared for Ms. Miller. He does not contend that the appearance alone required action. What is new is the relief now sought: on August 25, 2026 the firm moved for a determination that Mr. Redmond is one hundred percent financially liable for any judgment against its client (ECF 145). Mr. Redmond has never received written notice of any screening measure. He intends to raise the matter by separate motion under Pa. R. Prof. Conduct 1.18 and respectfully submits that the cross-claim should not be heard until it is resolved. Nothing herein waives any privilege.

8D. **The representation of the entity defendants remains unresolved.** Plaintiff opposes the withdrawal of Mr. Rush and Mr. Valz as to Bene Market, LLC and National Brokers of America, Inc. on the ground that an artificial entity cannot appear in federal court without counsel (ECF 144). Withdrawing counsel do not represent that either entity will retain substitute counsel (ECF 141, para. 10). That question is unresolved, it is before this Court on ECF 141, and it will affect the conduct of any hearing at which the liability of jointly and severally liable defendants is quantified. Mr. Redmond takes no position on behalf of either entity and notes only that a hearing held before ECF 141 is decided will be conducted without knowing who, if anyone, appears for two of the four defendants.

## III. OBJECTION TO PLAINTIFF'S SCHEDULE A COMPUTATION

9. Mr. Redmond objects to the entry of any back-wage figure derived from Plaintiff's Updated Schedule A (ECF 118) without an opportunity to test its computation. Schedule A as filed identifies approximately 545 individuals by name and does not, on its face, set out the hours, rates, or workweeks from which any individual figure is derived. Mr. Redmond is unable to state a competing figure because he does not possess the payroll records or the workpapers underlying the computation, both of which are in his client file, which he does not have.

10. Mr. Redmond further objects, and preserves the objection, that the computation does not appear to separate straight-time compensation from overtime compensation on a



Defendant reserves all rights under the Fifth Amendment; nothing herein waives any right or defense in Case No. 24-376 (E.D. Pa.).

per-employee, per-workweek basis. Where an employer's records are inadequate, the employee's burden is satisfied by evidence sufficient to support a just and reasonable inference, and the burden then shifts to the employer to negate the inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). Mr. Redmond cannot discharge that burden on a record he has not seen. He respectfully requests leave to file written objections to the computation within fourteen days of the hearing.

**IV. OBJECTION TO LIQUIDATION OF MONETARY SANCTIONS**

11. Mr. Redmond objects to the liquidation at this hearing of any monetary sanction under this Court's Order of July 19, 2021 (ECF 38). The Due Process Clause requires a federal court to provide notice and an opportunity to be heard before monetary sanctions are imposed on a litigant. *Martin v. Brown*, 63 F.3d 1252, 1262 (3d Cir. 1995). The party to be sanctioned is entitled to particularized notice of, at a minimum, the fact that sanctions are under consideration, the reasons they are under consideration, and the form of the sanctions under consideration. *Simmerman v. Corino*, 27 F.3d 58, 64 (3d Cir. 1994). The notice must apprise the party of the particular factors he must address in order to avoid sanctions. *Anjelino v. New York Times Co.*, 200 F.3d 73, 100 (3d Cir. 1999). Notice and an opportunity to respond are procedural safeguards that exist to ensure an adequate opportunity to explain the conduct said to be deficient. *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 571 (3d Cir. 1985) (en banc). Where the procedure used to impose sanctions raises due process questions of fair notice and the right to be heard, review is plenary rather than for abuse of discretion. *Adams v. Ford Motor Co.*, 653 F.3d 299, 304 (3d Cir. 2011).

12. Mr. Redmond has received none of that notice. Plaintiff disclosed its intention to seek liquidation of the ECF 38 sanction, and its proposed figure of approximately $442,500, in a footnote to a filing (ECF 144, n.3) served on counsel of record who did not transmit it to him. No order of this Court identifies the September 3 hearing as one at which sanctions will be liquidated, and no order to show cause has issued. Mr. Redmond has not been apprised of the

period Plaintiff contends the sanction accrued, of the date Plaintiff contends production of the stipulated documents was complete, or of which documents Plaintiff contends were never produced. He does not possess the parties' stipulation or the production record. The particular factors he would have to address in order to avoid the sanction are precisely the facts he has never been given. He respectfully requests that the Court defer any determination of sanctions as to him and afford him particularized notice and a reasonable opportunity to respond.

## V. THE CROSS-CLAIM AND THE FIFTH AMENDMENT

13. Mr. Redmond takes no position at this hearing on Ms. Miller's motion for leave to file a cross-claim (ECF 145), which Plaintiff opposes (ECF 147). His non-appearance is not consent to that motion, and he does not concede any fact asserted in it. Mr. Redmond intends to raise separately the matter described in Section 8C under Pa. R. Prof. Conduct 1.18.

14. Mr. Redmond further states that the factual questions bearing on his individual status under 29 U.S.C. Sec. 203(d) - in particular, control over payroll records and the payment of creditors - are the same questions a jury will decide in *United States v. Redmond*, No. 5:24-cr-00376, before this Court in January 2027. He reserves all rights under the Fifth Amendment as to those matters, and his non-appearance should not be construed as a waiver of that privilege or as an admission on any question to which it applies. *Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976).

## VI. RELIEF REQUESTED

WHEREFORE, Mr. Redmond respectfully requests that the Court: (a) receive and consider these written objections notwithstanding his inability to appear; (b) permit him to file written objections to Plaintiff's Schedule A computation (ECF 118) within fourteen days; (c) defer any determination of monetary sanctions against him under ECF 38 until he has received particularized notice and a reasonable opportunity to respond; and (d) decline to treat his non-appearance as consent to, or admission of, any matter addressed at the hearing.

## VII. SCHEDULING RELIEF PREVIOUSLY AFFORDED IN THIS MATTER

15. Mr. Redmond respectfully notes, without any suggestion of impropriety and solely to place his request in context, that the brief accommodation he sought is consistent with the manner in which scheduling in this matter has been managed throughout. The damages hearing alone has been cancelled or rescheduled on five occasions, including on April 25, 2025, when a motion for continuance of that hearing was granted (ECF 128). In the companion criminal matter, this Court granted a motion to continue trial filed by Mr. Redmond's counsel on August 6, 2026 (crim. ECF 167-168). The following table is drawn entirely from the docket of this action.

| **ECF** | **Date** | **Scheduling relief** |
|---|---|---|
| 9 | 11/05/2020 | Status conference rescheduled |
| 29 | 05/12/2021 | Status conference continued |
| 37 | 07/02/2021 | Joint motion to extend discovery granted |
| 40 | 09/01/2021 | Order on further motion to extend discovery |
| 45 | 12/27/2021 | Status conference rescheduled |
| 54 | 02/11/2022 | Status conference rescheduled |
| 56 | 03/01/2022 | Discovery deadline extended |
| 57 | 03/23/2022 | Defendants' requested production extension granted |
| 64 | 06/23/2022 | Sanctions hearing rescheduled |
| 67 | 09/15/2022 | Discovery extended; status conference rescheduled |
| 68 | 09/19/2022 | Settlement conference rescheduled |
| 77 | 01/26/2023 | Dispositive-motion deadline extended by stipulation |
| 100 | 07/20/2023 | Summary judgment argument rescheduled |
| 105-107 | 08/15/2023 | Argument continued 30 days by stipulation; rescheduled |
| 109-110 | 09/22/2023 | Argument continued again by stipulation; rescheduled |
| 111 | 11/09/2023 | Argument rescheduled to 01/18/2024 |
| 125 | 03/31/2025 | Damages hearing cancelled |
| 126 | 04/01/2025 | Damages hearing rescheduled to 04/29/2025 |
| **128** | **04/25/2025** | **MOTION FOR CONTINUANCE GRANTED; damages hearing rescheduled to 06/06/2025** |
| 143 | 08/03/2026 | Damages hearing rescheduled to 09/03/2026 |
| 146 | 08/31/2026 | Damages hearing time changed to 1:30 p.m. |

16. Mr. Redmond does not contend that any of these accommodations was improper; each appears to have been sought and granted in the ordinary course. He notes them only because the record reflects that a brief adjustment of this hearing would have been neither unusual in this case nor prejudicial to Plaintiff, which has itself sought and received such relief. In light of that record, and of the notice failure described above, Mr. Redmond respectfully asks the Court to reconsider affording him the fourteen days requested in Sections III and IV.

Respectfully submitted,

/s/ Alan C. Redmond

Alan C. Redmond, pro se
2 High Road
Wyomissing, PA 19610
alanredmond23@gmail.com

Dated: September 3, 2026

[1] Captioned at filing as *Scalia v. Bene Market, LLC, et al.* The current Secretary is substituted automatically. Fed. R. Civ. P. 25(d).

[2] The Defendant reserves all rights, privileges, and defenses afforded under the United States Constitution, including those under the Fifth Amendment, in all proceedings. Nothing in this filing constitutes a waiver of any right or defense in any proceeding, including Case No. 24-376 (E.D. Pa.).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECRETARY OF LABOR v. BENE MARKET, LLC, et al. Civil Action No. 5:20-cv-04265

**ORDER**

AND NOW, this ________ day of _______________________, 2026, upon consideration of Defendant Alan Redmond's Notice of Inability to Appear and Written Objections Preserved in Lieu of Appearance, and any response thereto, it is hereby ORDERED as follows:

1. The written objections are received and made part of the record of the September 3, 2026 hearing.

2. Defendant Redmond may file written objections to Plaintiff's Updated Schedule A (ECF 118) on or before _______________________, 2026.

3. Any determination of monetary sanctions against Defendant Redmond under the Order of July 19, 2021 (ECF 38) is DEFERRED pending particularized notice to him of the relief sought and a reasonable opportunity to respond.

4. Defendant Redmond's non-appearance on September 3, 2026 shall not be treated as consent to, or admission of, any matter addressed at the hearing.

BY THE COURT:

___________________________________
Jeffrey L. Schmehl, J.

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 3, 2026, the foregoing Notice of Inability to Appear and Written Objections, with proposed Order and Exhibit A, were filed via the Court's CM/ECF system and served by that system upon all counsel of record, including counsel for Plaintiff, counsel for Defendant Stephanie Miller, William R.A. Rush, Esquire, and Norman M. Valz, Esquire.

/s/ Alan C. Redmond

Alan C. Redmond

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, et al.,<br>Defendants. | Civil Action No. 5:20-cv-04265<br><br>Hon. Jeffrey L. Schmehl |

**EXHIBIT A**
**DECLARATION OF ALAN C. REDMOND**

I, Alan C. Redmond, declare under penalty of perjury pursuant to 28 U.S.C. Sec. 1746 that the following is true and correct to the best of my knowledge:

1. I am a defendant in this action. I make this declaration in support of my Notice of Inability to Appear and Written Objections Preserved in Lieu of Appearance.

2. William R.A. Rush, Esquire and Norman M. Valz, Esquire are counsel of record for me in this action. Their joint motion for leave to withdraw (ECF 141), filed July 24, 2026, has not been ruled upon.

3. I paid Mr. Valz's invoices for services through May 2025. I do not address in this declaration any dispute concerning amounts claimed after that date, and I do not state a figure.

4. Mr. Valz continued to act as counsel in this action after May 2025. Attached as Exhibit A-1 is a true and correct copy of an email I received from Mr. Valz dated June 5, 2025, in which he transmitted a proposed stipulation in this action, described its effect, advised that the Court had scheduled a telephone conference, and requested my authorization to sign. Mr. Rush was a recipient of that email.

5. To the best of my knowledge and after searching my email account, the June 5, 2025 email is the last communication I received from Mr. Valz concerning this action. In the weeks immediately preceding it he corresponded with me regularly about this action, including on


Defendant reserves all rights under the Fifth Amendment; nothing herein waives any right or defense in Case No. 24-376 (E.D. Pa.).

April 24, May 21, May 22, and May 23, 2025.

6. I have received communications from Mr. Valz after June 2025 concerning other matters. The most recent was an email dated March 30, 2026 regarding a Berks County sheriff sale of real property at 1198 Reading Boulevard. That email did not concern this action. Attached as Exhibit A-2 is a true and correct copy of the results of a search of my email account for messages from Mr. Valz.

7. No attorney advised me of the filing of ECF 141, of the orders of August 3, 2026 (ECF 143) or August 31, 2026 (ECF 146), of Ms. Miller's motion for leave to file a cross-claim against me (ECF 145), of Plaintiff's opposition thereto (ECF 147), or of Plaintiff's stated intention to seek liquidation of monetary sanctions at the September 3, 2026 hearing (ECF 144). I learned of each of those filings on September 2, 2026 from my own review of the docket.

8. Mr. Rush was counsel of record in this action from February 25, 2021. He corresponded with me about this action and about related wage claims on dates including August 1, 2025, September 22, 2025, January 13, 2026, and February 19, 2026.

8A. I subscribe to a commercial docket-notification service, DocketBird, which I use to monitor the dockets in my matters. That service was cancelled for non-payment on August 2, 2026. Every filing identified in paragraph 7 was made between August 3 and September 1, 2026, while the service was inactive and while I was outside the United States. I paid the outstanding balance and asked that the service be reactivated on September 2, 2026, and it was reactivated that day. The service's notification identifying ECF 143 through 147 was delivered to me at approximately 10:31 a.m. on September 3, 2026, roughly three hours before the scheduled hearing. Attached as Exhibit A-7 are true and correct copies of the relevant service records.

9. I do not have possession of my client file in this matter, including the payroll records and any workpapers underlying Plaintiff's Schedule A computation (ECF 118). I have not been

provided with a copy of the parties' discovery stipulation referenced in this Court's Order of July 19, 2021 (ECF 38), or with any record of what was produced pursuant to it or when.

10. Benjamin B. Cooper, Esquire is my counsel in *United States v. Redmond*, No. 5:24-cr-00376. I informed Mr. Cooper of the September 3, 2026 hearing on September 2, 2026. He had no prior knowledge of it.

11. In October 2023, arrangements were made for me to meet with Michael T. van der Veen, Esquire of van der Veen, Hartshorn, Levin & Lindheim to discuss the then-anticipated federal criminal matter. Attached as Exhibit A-3 is a true and correct copy of an email dated October 18, 2023 in which Mr. Valz transmitted written work product concerning me and related entities to Mr. van der Veen and me in advance of that meeting. Attached as Exhibits A-4 and A-5 are true and correct copies of correspondence dated October 10 and October 17, 2023 between me, Mr. van der Veen, and his office scheduling the meeting. Attached as Exhibit A-6 is a true and correct copy of an email I sent to Mr. van der Veen on October 22, 2023 in which I provided additional information in preparation for the meeting and asked for his opinion in advance of it. I do not disclose the substance of any of that material here and reserve all privilege.

12. On April 24, 2025, Mr. Valz advised me that an attorney from Mr. van der Veen's office had appeared for Ms. Miller in this action. I did not understand at that time that the firm would assert a claim against me personally. On August 25, 2026, that firm filed a motion for leave to file a cross-claim seeking a determination that I am one hundred percent financially liable for any judgment against Ms. Miller (ECF 145). I learned of that motion on September 2, 2026. I have never received written notice from that firm of any screening measure.

13. I am a debtor in a pending Chapter 7 case, *In re Redmond*, No. 4:24-bk-13093 (Bankr. E.D. Pa.). I have not been able to give the Chapter 7 trustee notice of the September 3, 2026 hearing or of the relief to be sought at it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 3, 2026.

/s/ Alan C. Redmond

Alan C. Redmond
2 High Road
Wyomissing, PA 19610
alanredmond23@gmail.com



Defendant reserves all rights under the Fifth Amendment; nothing herein waives any right or defense in Case No. 24-376 (E.D. Pa.).

# EXHIBIT A-1

Email from Norman M. Valz, Esquire, June 5, 2025, transmitting proposed stipulation in this action (Mr. Rush copied)



09:14 5G+ 7

**New Stipulation for Dept. of Labor Case**

NORMAN VALZ Jun 5, 2025 at 10:42
To: AC +2

Hello Alan, Al and Bill,

Attached is a new stipulation regarding the Dept. of Labor case. It actually looks fine to me. It basically just gives Stephanie the right to move to open the Summary Judgment against her.

The Judge just scheduled for a 3 pm telephone conf. Please confirm that I am all right to sign this as soon as you can.

Norm

—

Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA 19026
Tel. 215.756.2424
Fax 215.827.5758
email: nvalz@msn.com

+ai

# EXHIBIT A-2

Search of Alan Redmond's email account for messages from Norman M. Valz, Esquire






Defendant reserves all rights under the Fifth Amendment; nothing herein waives any right or defense in Case No. 24-376 (E.D. Pa.).

# EXHIBIT A-3

Email from Norman M. Valz, Esquire, October 18, 2023, transmitting written work product to Michael T. van der Veen, Esquire and Alan Redmond



09:30 5G+ 3

Outline of Fox Rothschil...

NORMAN VALZ Oct 18, 2023 at 02:46

to Me

Hi Michael and Alan,

Please note attached herewith is my summary of instances of Fox Rothschild legal malpractice against the interests of Seguro Medico, Alan Redmond and related parties.   Look forward to seeing you and discussing this further.

Call me up if you have any questions/ (215) 756-2424

Best regards,

Norm Valz

---

Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA 19026
Tel. 215.756.2424
Fax 215.827.5758
email: nvalz@msn.com

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged

# EXHIBIT A-4

Correspondence with Michael T. van der Veen, Esquire, October 10, 2023, scheduling meeting

09:31 5G+ 3

**Meeting**

**Me** 10/10/2023

I am meeting Bochetto and David at his office on Friday.

If that is a no go, next Friday will work at your office in early afternoon.

Get Outlook for iOS

**Michael T. van der** 10/10/2023

What do you have the following week?

Michael T. van der Veen

1219 Spruce Street
Philadelphia, PA 19107
**P** (215) 546-1000
**F** (215)-546-VLAW
mtv@mtvlaw.com
mtvlaw.com
***CONFIDENTIALITY NOTICE: This email and its attachments are for the personal and confidential use of the named recipient(s) only. If you are not an intended recipient, or an agent responsible for delivering it to an intended recipient, you have received this email in error. In that event, please (i) imm*** ... ***by reply email, (ii) do not revie*** ... ***forward, or print this email or any of its attachments, and (iii) immediately delete and/or***



Defendant reserves all rights under the Fifth Amendment; nothing herein waives any right or defense in Case No. 24-376 (E.D. Pa.).

# EXHIBIT A-5

Correspondence with Michael T. van der Veen, Esquire and his office, October 10 and October 17, 2023, scheduling meeting






Defendant reserves all rights under the Fifth Amendment; nothing herein waives any right or defense in Case No. 24-376 (E.D. Pa.).

# EXHIBIT A-6

Email from Alan Redmond to Michael T. van der Veen, Esquire, October 22, 2023, in preparation for meeting



AC

Oct 22, 2023 at 18:31

To: Mtv +1

Michael,

In preparation for our meeting, TBD by Erica,

Here is more color.

I welcome your opinion In advance of our meeting.

Get Outlook for iOS

# EXHIBIT A-7

DocketBird notification of five new filings in this action (ECF 143-147), delivered September 3, 2026


10:40 5G+ 19

5 new filings in Scalia v....

SEPTEMBER 2, 2026, AT 1:30 PM (ECF NO. 141), IS RESCHEDULED TO THURSDAY, SEPTEMBER 3, 2026, AT 2:00 PM IN THE COURTROOM OF THE UNDERSIGNED, THE GATEWAY BUILDING, 201 PENN STREET, FIFTH FLOOR, READING, PENNSYLVANIA. SIGNED BY DISTRICT JUDGE JEFFREY L. SCHMEHL ON 8/3/26. 8/3/26 ENTERED AND COPIES E-MAILED. **(filed: 08/03/2026)**

144. Response in Opposition to Motion **(filed: 08/07/2026)**

145. First MOTION for Leave to File Cross-Claim for Indemnification filed by STEPHANIE MILLER.Order to Assert/Enforce Cross-Claim for Indemenification with Memorandum in support of and Certificate of Service. **(filed: 08/25/2026)**

146. ORDER THAT THE HEARING ON DAMAGES SCHEDULED FOR THURSDAY, SEPTEMBER 3, 2026 SHALL BE HELD AT 1:30 PM INSTEAD OF 2:00 PM. THIS IS A TIME CHANGE ONLY. IGNED BY DISTRICT JUDGE JEFFREY L. SCHMEHL ON 8/31/26. 8/31/26 ENTERED AND COPIES E-MAILED. **(filed: 08/31/2026)**

147. RESPONSE in Opposition re [145] First MOTION for Leave to File Cross-Claim for Indemnification filed by EUGENE SCALIA. **(filed: 09/01/2026)**

This notification was sent to the following email addresses associated



Defendant reserves all rights under the Fifth Amendment; nothing herein waives any right or defense in Case No. 24-376 (E.D. Pa.).