IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, et al.,<br>Defendants. | Civil Action No. 5:20-cv-04265<br><br>Hon. Jeffrey L. Schmehl<br><br>Damages Hearing:<br>September 3, 2026, 1:30 p.m. |

**DEFENDANT ALAN REDMOND'S MOTION FOR CONTINUANCE OF THE SEPTEMBER 3, 2026 DAMAGES HEARING**

Defendant Alan Redmond, appearing pro se and in his individual capacity only, respectfully moves, under Rule 6(b)(1) of the Federal Rules of Civil Procedure and this Court's inherent authority, a brief continuance of the damages hearing scheduled for September 3, 2026 at 1:30 p.m. (ECF 146). In support, Mr. Redmond states:

1. **Notice to follow.** Mr. Redmond is unable to appear at the September 3, 2026 hearing. Whether or not this Motion is granted, he will file forthwith, as a separate docket entry, a Notice of Inability to Appear and Written Objections Preserved in Lieu of Appearance, with a supporting declaration under 28 U.S.C. Sec. 1746 and Exhibits A-1 through A-7 (the "Notice"). The Notice will (a) object to the entry of any back-wage figure derived from Plaintiff's Updated Schedule A (ECF 118) without an opportunity to test its computation, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); (b) object to the liquidation of any monetary sanction under ECF 38 on the due-process grounds stated in paragraph 3 below; (c) reserve all rights under the Fifth Amendment as to the payroll-control questions common to this action and to *United States v. Redmond*, No. 5:24-cr-00376, *Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976); (d) document, by declaration and exhibits, the failure of notice through counsel of record, the lapse of Mr. Redmond's docket-notification service during the period in which ECF 143 through 147 were filed, and the October 2023

consultation bearing on the conflict identified in paragraph 4 below; and (e) ask that his non-appearance not be treated as consent to, or admission of, any matter addressed at the hearing. This Motion states the continuance request expressly, as chambers directed by email of 10:42 a.m. today. Chambers is copied.

2. **Absence of notice.** Counsel of record for Mr. Redmond, William R.A. Rush, Esquire and Norman M. Valz, Esquire, moved jointly to withdraw on July 24, 2026 (ECF 141). That motion has not been ruled upon. Neither attorney has consulted with or advised Mr. Redmond concerning this action since mid-July 2025, and he learned of ECF 141, the scheduling orders of August 3 and August 31, 2026 (ECF 143, 146), Ms. Miller's motion for leave to file a cross-claim against him (ECF 145), Plaintiff's opposition (ECF 147), and Plaintiff's stated intention to seek liquidation of monetary sanctions at this hearing (ECF 144, n.3) on September 2, 2026, from his own review of the docket. These facts will be set out in the Notice and its declaration.

3. **Sanctions without notice.** Plaintiff intends to ask the Court at this hearing to liquidate a sanction under the Order of July 19, 2021 (ECF 38) in the approximate amount of $442,500 (ECF 144, n.3). No order identifies this hearing as one at which sanctions will be liquidated, no order to show cause has issued, and Mr. Redmond has not been apprised of the accrual period, the date Plaintiff contends production was complete, or the documents Plaintiff contends were never produced. Due process requires particularized notice and an opportunity to be heard before monetary sanctions are imposed. *Martin v. Brown*, 63 F.3d 1252, 1262 (3d Cir. 1995); *Simmerman v. Corino*, 27 F.3d 58, 64 (3d Cir. 1994); *Adams v. Ford Motor Co.*, 653 F.3d 299, 304 (3d Cir. 2011) (plenary review).

4. **Pending matters.** Ms. Miller's motion (ECF 145) was filed August 25, 2026; the fourteen-day response period under Local Rule 7.1(c) has not run. The representation of the entity defendants, opposed by Plaintiff (ECF 144), is unresolved on ECF 141. Mr. Redmond has also identified a potential conflict of counsel for Ms. Miller under Pa. R. Prof. Conduct



Defendant reserves all rights under the Fifth Amendment; nothing herein waives any right or defense in Case No. 24-376 (E.D. Pa.).

1.18 that he intends to raise by separate motion.

5. **No prejudice; consistent with prior practice.** Plaintiff filed this action in August 2020; any award bears interest; liability and willfulness have been adjudicated. A continuance of this very hearing was granted on April 25, 2025 (ECF 128), and the hearing has been cancelled or rescheduled on five occasions. Scheduling relief has been afforded in this matter on at least twenty-two occasions, and this Court granted a motion to continue trial in the companion criminal matter on August 6, 2026 (crim. ECF 167-168). Mr. Redmond does not suggest any of that relief was improper; he notes only that the brief accommodation he seeks is neither unusual in this case nor prejudicial to Plaintiff.

6. **Criminal matter.** Mr. Redmond is the defendant in *United States v. Redmond,* No. 5:24-cr-00376, before this Court, with trial set for January 12, 2027. The question of his control over payroll is the same question a jury will decide in that case. His counsel in that matter, Benjamin B. Cooper, Esquire (crim. ECF 162-164), first learned of this hearing on September 2, 2026. Mr. Redmond reserves all rights under the Fifth Amendment.

7. Mr. Redmond is unable to appear on September 3, 2026 following a recent hospitalization, as he advised chambers by email this morning. This is his first request for a continuance in this action, and the period requested is brief.

WHEREFORE, Mr. Redmond respectfully requests that the Court continue the September 3, 2026 damages hearing for a period of not less than thirty days; or, in the alternative, proceed as to the corporate defendants and Ms. Miller while reserving the individual-liability, willfulness, and sanctions determinations as to Mr. Redmond and receiving into the record the written objections he is filing in lieu of appearance. A proposed order is attached.

Respectfully submitted,

/s/ Alan C. Redmond

Alan C. Redmond, pro se
2 High Road
Wyomissing, PA 19610
alanredmond23@gmail.com

Dated: September 3, 2026

[1] Captioned at filing as *Scalia v. Bene Market, LLC, et al.* Fed. R. Civ. P. 25(d).

[2] The Defendant reserves all rights, privileges, and defenses afforded under the United States Constitution, including those under the Fifth Amendment, in all proceedings. Nothing in this motion constitutes a waiver of any right or defense in any proceeding, including Case No. 24-376 (E.D. Pa.).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, et al.,<br>Defendants. | Civil Action No. 5:20-cv-04265<br><br>Hon. Jeffrey L. Schmehl |

**ORDER**

AND NOW, this _______ day of ____________________, 2026, upon consideration of Defendant Alan Redmond's Motion for Continuance, and any response thereto, it is hereby ORDERED that the Motion is GRANTED. The damages hearing scheduled for September 3, 2026 is CONTINUED to ____________________, 2026 at __________ __.m.

It is further ORDERED that Defendant Redmond may file written objections to Plaintiff's Updated Schedule A (ECF 118) on or before ____________________, 2026, and that any determination of monetary sanctions against him under the Order of July 19, 2021 (ECF 38) is DEFERRED pending particularized notice and a reasonable opportunity to respond.

IN THE ALTERNATIVE, if the hearing proceeds on September 3, 2026, the individual-liability, willfulness, and sanctions determinations as to Defendant Redmond are RESERVED, the written objections filed by Defendant Redmond in lieu of appearance are received into the record, and his non-appearance shall not be treated as consent to, or admission of, any matter addressed at the hearing.

BY THE COURT:

______________________________

Jeffrey L. Schmehl, J.



Defendant reserves all rights under the Fifth Amendment; nothing herein waives any right or defense in Case No. 24-376 (E.D. Pa.).

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 3, 2026, the foregoing Motion for Continuance and proposed Order were filed via the Court's CM/ECF system and served by that system upon all counsel of record, including counsel for Plaintiff, counsel for Defendant Stephanie Miller, William R.A. Rush, Esquire, and Norman M. Valz, Esquire, and were additionally served by email upon the same.

/s/ Alan C. Redmond

______________________________

Alan C. Redmond